[Civil No. 3347.   Filed December 7, 1934.]

[38 Pac. (2d) 654.]

# H. L. SCOTT, Appellant, v. BRUCE BROS., INC., Appellee.

Messrs. Mathews & DeWolf, for Appellant.

Mr. Henderson Stockton, Mr. Emmet M. Barry and Mr. Eli Gorodezky, for Appellee.

LOCKWOOD, J.—Bruce Bros., Inc., hereinafter called plaintiff, brought suit against H. L. Scott and National Union Indemnity Company, a corporation, hereinafter called defendants. A judgment was rendered in favor of plaintiff, and from this judgment separate appeals were taken by the two defendants, that taken by Scott being No. 3347 in this court, and that taken by National Union Indemnity Company

being No. 3307, *ante,* p. 454, 38 Pac. (2d) 648. After the appeals were filed, a motion was made that they be consolidated for the purpose of the records and the argument, and this motion was granted. We have just determined the appeal of the National Union Indemnity Company in cause No. 3307, and have before us for consideration the appeal of H. L. Scott in cause No. 3347. The facts are voluminous and fully stated in No. 3307, and we think them sufficient for the purposes of this appeal and therefore adopt them.

In that case we held that plaintiff not having complied with the provisions of section 657, Revised Code of 1928, any contract made by it was void and no action could be maintained thereon as against any person. The only reason which could be urged why the same judgment should not be rendered in this case is that defendant Scott was denied permission by the court to raise that issue in his pleadings except upon terms which he declined to comply with, and that therefore he is precluded from the objection upon appeal. Ordinarily, of course, a defendant may not on appeal urge a defense which was not set up in his pleadings, but this is one of the defenses which may be raised at any time. As was said in *Hall v. Coppell,* 7 Wall. (74 U. S.) 542, 558, 19 L. Ed. 244:

" . . . In such cases there can be no waiver. The defense is allowed, not for the sake of the defendant, but of the law itself. The principle is indispensable to the purity of its administration. It will not enforce what it has forbidden and denounced. The maxim, *ex dolo malo non oritur actio,* is limited by no such qualification. The proposition to the contrary strikes us as hardly worthy of serious refutation. Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most

solemn form to waive the objection, would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches, it destroys. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation. *Morck* v. *Abel,* 3 Bosanquet & Puller, 35; *Armstrong* v. *Toler,* 11 Wheat. 258 [6 L. Ed. 468]; *Collins* v. *Blantern,* 1 Smith's Leading Cases, 630, and notes.''

Both Scott and the National Union Indemnity Company were parties defendant in the case below as against the same plaintiff. We think that under the circumstances whenever it appeared to the trial court in the pleadings and the evidence that the contract upon which plaintiff sought to enforce a liability against either or both of the defendants was void *ab initio,* that it makes no difference in whose pleadings or through whose evidence that fact became known. It was the duty of the trial court upon such knowledge reaching it to hold immediately that no liability could be predicated as against any defendant upon the void contract. Such being the case, the trial court should have rendered judgment in favor of Scott, on the ground that the contract upon which it was sought to hold him was void.

The judgment of the superior court of Maricopa county is reversed and the case is remanded, with instructions to render judgment in favor of defendant Scott.

ROSS, C. J., and McALISTER, J., concur.