[Civil No. 3402.   Filed December 7, 1934.]

[38 Pac. (2d) 626.]

ROSE COLLISTER, Appellant, v. INTER-STATE FIDELITY BUILDING AND LOAN ASSOCIATION OF UTAH, a Corporation, Appellee.

428

Mr. John W. Ray, for Appellant.

Mr. D. P. Skousen (Mr. L. B. Whitney, Associate Counsel), for Appellee.

McALISTER, J.—This is an appeal by the plaintiff, Rose Collister, from a judgment for the defendant, Inter-State Fidelity Building & Loan Association, and an order denying her motion for a new trial.

It appears from the record that on June 15, 1929, she executed a promissory note for $8,000, in favor of the defendant and secured its payment by a mortgage on certain real estate in the City of Phoenix. Having defaulted in her payments, the Association on April 20, 1931, filed an action against her, No. 34455–B, to recover the amount due on the note and to foreclose the mortgage lien. She made no appearance and on September 3, 1931, judgment against her in the sum of $6,868.47, plus interest, title search and attorney fees and costs, was entered, and on Sep-

tember 29th, following, the property was bid in at execution sale by the mortgagee for $7,954.39, the total amount due under the judgment.

Nearly a year thereafter, namely, on August 17, 1932, she filed this action to recover $4,000, the interest alleged to have been paid under the judgment in the foreclosure suit, upon the ground that it was in excess of ten per cent. and, therefore, usurious. Service was obtained the same day by delivering a copy of the summons and complaint to one E. W. Atkerson, alleged by the plaintiff to be the agent of the defendant in Phoenix, Arizona, and, no answer having been filed within the required twenty days, the default of the defendant was entered September 8, 1932, and judgment for the plaintiff in the sum of $3,803.29, rendered by Judge J. C. NILES two days later. On the fourth day thereafter the defendant filed an objection to the jurisdiction of the court and moved to vacate the judgment, upon the ground that there had been no service and, on November 7th, Judge M. T. PHELPS, who presided in Division No. 1 of the Superior Court of Maricopa County to which this motion had been assigned by Judge NILES, denied it. However, a second motion to vacate upon different grounds, coupled with a proposed answer and an affidavit of merits, was filed by the defendant within a few days thereafter and upon condition that the defendant pay the costs incurred up to that date, was granted on December 13th. A short time subsequent thereto the case was assigned to the division of the court over which Judge SPEAKMAN presides and in January, 1933, he denied the defendant's motion to strike, overruled its demurrer and later set for trial the defendant's plea in bar which averred that "all the matters attempted to be litigated" and "any rights which the plaintiff in this cause may have

had" concerning them had been adjudicated and de·termined in said cause No. 34455–B and were, in consequence thereof, *res judicata.* This plea was sustained and the action dismissed by Judges SPEAKMAN, RODGERS and PHELPS sitting *en banc.* Following this order and a denial of her motion for a new trial, the plaintiff brought the matter here for review.

Eight errors are assigned, but they raise few propositions of law and we take these up in order. The first motion to vacate was based upon an alleged lack of service, and consequently of jurisdiction, because the summons had been served on a person who, it was claimed, was not the agent of appellant, while the second rested solely upon the ground of mistake, surprise, inadvertence or excusable neglect. This being true, appellant contends that the order denying the first motion became conclusive as to jurisdiction, and that since the matter upon which the second motion rested, mistake, inadvertence, surprise or excusable neglect, could have been included in the first but was not, the order was conclusive also as to it, the same as it was upon the question of jurisdiction. The fact that the court had denied a motion to vacate did not deprive it of the power to consider a second motion to accomplish the same purpose made a few days after ruling on the first, whether based upon the same or different ground. The court may, at any time within six months after rendering a default judgment, reconsider the matter and, if the facts warrant, relieve a party therefrom under the provisions of section 3859, Revised Code of 1928, by proceeding upon motion of the aggrieved party or upon its own initiative. The finality or conclusiveness of the judgment does not in any sense interfere with its jurisdiction to do this. Hence, there is no place in the

situation here presented for the operation of the principle, *res judicata,* though there perhaps would have been had the second motion been made after the expiration of the six months' period in which a court has jurisdiction to grant such relief.

But, appellant contends, even though the rule relative to the conclusiveness of the judgment was not applicable to the situation confronting the court, the default of appellee should not have been set aside pursuant to the second motion, because the facts alleged as ground therefor show nothing more than mere inexcusable neglect on the part of appellee's counsel. The court, however, after considering the circumstances hereinafter stated, reached a different conclusion. The affidavit of D. P. Skousen, attorney for appellee, disclosed that process was served on August 17, 1932, in Maricopa county on appellee's agent, one E. W. Atkerson, who four days later sent it to appellee at Salt Lake City, Utah; that on August 25th, appellee forwarded it to Mr. Skousen at Phoenix, Arizona, with instructions to file whatever pleadings were necessary, but that he went to California on business prior to the receipt of this communication and did not return until the morning of September 7, 1932; that after reading appellee's letter he went to the office of clerk of the court and found that no return of service had been filed; that he began, after looking over the mail that had accumulated during his absence, to prepare what he thought were the proper pleadings, namely, an objection to the jurisdiction of the court, a demurrer, a plea in bar and a plea of *res judicata,* but the default was entered and the judgment rendered before these were ready for filing; that he was surprised when he learned that this had occurred, because he did not realize that the time for answering had expired, so,

knowing that the pleadings he was then working on were of no avail in this situation he prepared a motion to vacate the judgment upon the ground that the court had no jurisdiction and filed it on September 14, 1932, just four days after the judgment had been rendered. This motion we have seen was denied and within a very few days thereafter the one now under consideration was filed. According to the foregoing facts the twenty days appellee had to answer expired September 6th, one day before Mr. Skousen even learned that he was expected to represent it. Appellee had written him in ample time, but due to his absence from his office on business, the information did not reach him until it was too late for him to answer within the required period. Under these circumstances no blame of any character was attributable to appellee, and in view of the fact that Mr. Skousen, after learning that appellee wanted him to answer for it, did what he thought should be done with reasonable promptness, we think none could be charged against him either, and hence, that the trial court's action in setting aside the judgment and permitting appellee to answer on the merits, upon condition that it pay the costs incurred up to that time, was not arbitrary but proper under the circumstances.

After the case had been reopened and the preliminary motions ruled upon by Judge SPEAKMAN, the parties went to trial before three of the superior court judges, sitting *en banc*. They took up first the plea in bar and after a full hearing sustained it and the principal assignments are based on this action of the court. It is claimed first that this plea was insufficient in that it did not allege facts showing what the issues and judgment were in cause No. 34455–B. Before going to trial on the plea, however, appellant did not demur to it, move to make it more

definite and certain or question its sufficiency in any way and, in view of this, she is not now in a position to attack it upon this ground. But, if this were not true, the record discloses that the court had before it all the facts in that case and that it was fully advised as to the decision therein. The affidavit of merits had stated them in detail, and the answer, filed at the same time, had given them almost as fully, and, in addition, the record in that cause was introduced in evidence. From these it appeared that on June 15, 1929, appellee had loaned to Rose Collister, appellant, $8,000, to be repaid with interest in one hundred and thirty-two consecutive monthly installments and that she executed a note and mortgage on certain real estate in that sum as security; that she failed to make the payments as called for by these instruments, and appellee, pursuant to an acceleration clause therein, brought suit in the superior court of Maricopa county in April, 1931, to foreclose the mortgage and had summons served on her but she failed to answer and suffered default to be entered; that the mortgage was foreclosed on September 3, 1931, and the property sold and purchased by appellee at execution sale on September 29, 1931; that appellant neither appealed from the judgment in that cause, No. 34455–B, nor moved to have the default set aside or the judgment vacated, and that more than six months elapsed after the rendition of the judgment and the sale by the sheriff before she commenced this suit.

Appellant contends that the plea was insufficient and not a bar to this action for the further reason that the record discloses that the judgment in No. 34455–B was rendered upon the default of the defendant in that cause and that necessarily the matter set up to constitute her cause of action in this case,

namely, that the interest collected on the note sued on in that action was usurious, could not have been, and, in fact, was not, adjudicated therein. In other words, because usury was not pleaded by her in that case, either as a set-off or counterclaim, the question was not decided and, hence, the judgment is not *res judicata* as to it and in no way affects her right to bring a separate action therefor. That the judgment was rendered by default does not affect its validity, for such a judgment admits as true all the material allegations properly set forth in the complaint and is just as binding and conclusive as to them as though it had been rendered after answer and contest. 15 R. C. L. 667, 669 and 987; *Sodini* v. *Sodini,* 94 Minn. 301, 102 N. W. 861, 110 Am. St. Rep. 371; *Tube City Min. & Mill. Co.* v. *Otterson,* 16 Ariz. 305, 146 Pac. 203, 206, L. R. A. 1916E 303; *Last Chance Min. Co. et al.* v. *Tyler Min. Co.,* 157 U. S. 683, 15 Sup. Ct. 733, 39 L. Ed. 859.

Neither does the fact that the question of usury was not made an issue necessarily have this effect, since nothing can be litigated in a subsequent action between the same parties that was a proper subject of inquiry in the first but not considered merely because the defendant who was personally served failed to answer and raise it. "It is well settled," to use the language of this court in *Citizens' State Bank* v. *McRoberts,* 29 Ariz. 173, 239 Pac. 1028, 1029, "that all matters in issue, or which could have been put in issue, in the action to collect the note were conclusively settled by the judgment in that cause. . . . " Appellant claims that this statement of the law is too broad but it is supported both by reason and authority and we see no occasion to modify it. In announcing it, the court cited, among other authorities, 23 Cyc. 1295, which uses language approved by

the later case of *Fischer* v. *Hammons,* 32 Ariz. 423, 259 Pac. 676, 679, when stating what it holds to be the true rule. It reads:

"The rule is often stated in general terms that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in that suit; and this is undoubtedly true of all matters properly belonging to the subject of the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit; and it is also true that, where the second suit is upon the same cause of action, all matters which might have been litigated are conclusively settled by the judgment. . . . But the weight of authority is that, where the second action, although between the same parties, is on a different cause of action, the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated therein." 34 C. J. 909.

While this case is between the same parties and based upon a cause of action nominally at least different from that stated in No. 34455–B, yet its subject matter, usury of the note sued on in that case, arises out of the identical transaction and is so involved in it that the judgment in that case could not have been rendered in the absence of a consideration of the facts relied on here. In determining the amount due on the note it was necessary that the court ascertain how much interest, as well as principal, had been paid, and this could only be done by calculating it at the proper rate. But whether in formulating its judgment the court had in mind the question of usury does not appear though no other fact than those it was compelled to deal with in

arriving at its conclusion was necessary to enable it to draw the proper deduction as to usury. This being true, the following statement in the case of *Fischer v. Hammons, supra,* becomes applicable:

"Where the subject-matter of the set-off is so involved in the determination of the issue in the former action that the judgment therein necessarily determines the facts which defendant would have to establish to maintain his set-off, the latter is barred."

The foregoing makes it clear that the question of usury, provided it applied to the note or appellant thought it did, not only could but should have been raised and litigated in cause No. 34455–B when the amount of interest due thereon was engaging the attention of the court and when the rule prohibiting one from splitting his cause of action could have no application. In addition, the statute itself provides that in actions brought to recover on obligations bearing usury all payments of interest may be pleaded as a counterclaim or set-off, the language of 1886, the pertinent section of the Revised Code of 1928, reading as follows:

"*Payment May be Set-off or Sued for.* In an action brought to recover on an obligation whereby there has been contracted for, reserved or taken, a greater rate of interest than ten per cent per annum, all payments made in money or property may be pleaded as a counterclaim or set-off, and if such payments exceed the amount of the principal, judgment may be rendered in favor of the defendant for such excess, with interest at the rate of six per cent per annum. Where such payments exceed the amount of the principal of the debt or obligation an action may be maintained to recover such excess."

The rule to which the great weight of authority adheres is practically the same as here provided and it is that usury must be pleaded when suit is brought on a note or other obligation bearing it or the de-

fendant is barred from raising it in a later action or from suing to recover the usurious interest paid thereon. Several statements of the rule follow:

"The prevailing rule is that the debtor's right to recover usury paid whether it be derived from the common law or from statute does not apply to payments made upon a judgment which includes usury. The debtor having failed to set up his defense of usury at the proper time will not be allowed to reopen the judgment indirectly by an action to recover usury paid." 66 C. J. 287.

"When the borrower seeks to recover usury paid under a judgment at law or a decree in equity obtained in a proceeding in which the defense of usury might have been set up, the general rule is that courts of equity will decline to aid him, in accordance with the general doctrine that a ground of defense that was available to a defendant will not serve as a basis of equitable relief against a judgment suffered because of defendant's default." 66 C. J. 268.

"It is generally held that a defendant who omits to plead usury in a suit on a note or other contract is barred from raising the question in a subsequent action or suing to recover the usurious interest paid or included in the judgment. But there are some decisions to the contrary." 34 C. J. 861.

See the following: *Adams* v. *McKenzie,* 18 Ala. 698; *Day* v. *Cummings,* 19 Vt. 496; *Bartholomew* v. *Yaw,* 9 Paige (N. Y.) 165.

Appellant contends, however, that in view of the provisions of section 1885 of Revised Code of 1928, stating that all payments of interest on obligations bearing more than ten per cent. shall be taken to be payments on the principal and that in actions "brought to recover the amount of the obligation the court shall render judgment for no greater sum than the balance found due upon the principal, without interest, after deducting such payments," the court should have applied the payments of interest on the principal and given judgment for the balance, and

that its failure to do so renders the judgment void. The action was one seeking to recover on a promissory note and to foreclose the mortgage given to secure it and the court had jurisdiction of both the parties and the subject matter and also jurisdiction to render judgment for the amount due on the note, interest as well as principal. Nothing else was necessary to confer complete jurisdiction to decide the matter. "Cases involving the foreclosure of all mortgages and liens" are within the general jurisdiction of the superior courts of this state and the test of their jurisdiction in any particular cases is "whether or not the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong." *Tube City Min. & Mill. Co.* v. *Otterson, supra.* This being true, there is no necessity to discuss the duty of the court relative to the matter of usury in the absence of a pleading by defendant raising it. Its failure to do so, provided it did fail, was merely an error and, though the note was usurious, did not render the judgment void.

It is immaterial upon what ground the court acted, whether it decided the note was not usurious, as appellant contends it did, or whether it overlooked the question entirely, or whether it concluded that it was usurious but that the defendant in the case had waived it by failing to answer and raise it, as it would have been justified in doing, since usury laws are enacted for the protection of needy borrowers against the oppressive exactions of money lenders and the defense of usury is purely personal to the debtor and those in privity with him and they alone may avail themselves of it, or waive it and ratify the contract in which it appears. 66 C. J. 251, 279 and 318; *Schmidt* v. *Gaukler et al.,* 156 Mich. 243, 120 N. W. 746; *Chandlee* v. *Tharp,.* 161 Miss. 623, 137 So. 540, 78 A. L. R. 445; 27 R. C. L. 281; *Midland Savings*

440

*& Loan Co.* v. *Sheil,* 57 Okl. 338, 157 Pac. 80. In no one of these instances would the judgment have been void and vulnerable to collateral attack and the only remedy open to appellant would have been that of appeal, or of moving within six months after the rendition of the judgment to vacate it.

It follows that the plea in bar, which was based upon the ground that the question of usury in the note sued on in cause No. 34455–B had been adjudicated, was properly sustained. The judgment is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.