[Civil No. 4105.   Filed February 5, 1940.]

[98 Pac. (2d) 852.]

SAM BEZAT and LEANORA BEZAT, His Wife, Appellants, v. HOME OWNERS' LOAN CORPORATION, a Corporation, Appellee.

Messrs. Cox & Cox, for Appellants.

Mr. M. L. Ollerton, for Appellee.

LOCKWOOD, J.—This is an action by Home Owners' Loan Corporation, a corporation organized under the laws of the United States, hereinafter called plaintiff, to foreclose a mortgage on certain property as against Sam Bezat and Leanora Bezat, his wife, hereinafter called defendants. Judgment went in favor of plaintiff, and the matter was brought before us for review.

The facts are substantially agreed upon, and the assignments of error deal almost entirely with questions of law, which we shall consider in the manner which seems most advisable. The most important is raised by assignment number two, it being, in substance, that since admittedly the plaintiff has failed to comply with the Constitution and statutes of Arizona regulating foreign corporations, the mortgage and note upon which the suit is brought are, therefore, void.

The constitutional and statutory provisions upon which this argument is based are set forth as follows:

"No corporation organized outside of the limits of this State shall be allowed to transact business within this State on more favorable conditions than are prescribed by law for similar corporations organized under the laws of this State; and no foreign corporation shall be permitted to transact business within this State unless said foreign corporation is by the

laws of the country, State, or Territory under which it is formed permitted to transact a like business in such country, State, or Territory." Const. Ariz., art. XIV, sec. 5.

"No domestic or foreign corporation shall do any business in this State without having filed its articles of incorporation or a certified copy thereof with the Corporation Commission, and without having one or more known places of business and an authorized agent or agents, in the State upon whom process may be served. Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county where the cause of action may arise." Const. Ariz., art. XIV, sec. 8.

"Requirements to do business in this state; corporations excepted. Any foreign corporation, before entering upon, doing, or transacting any business, enterprise, or occupation, in this state shall: File a certified and authenticated copy of its articles of incorporation or charter with the corporation commission of this state; publish its articles of incorporation and file affidavit thereof as required of domestic corporations; appoint in writing, over the hand of its president or other chief officer, attested by its secretary, a statutory agent in each county in this state in which such corporation proposes to carry on any business as required of domestic corporations; pay a license fee of fifteen dollars to the corporation commission, and obtain from said corporation commission a license to do business in this state. This section, however, shall not apply to insurance corporations, nor to any foreign corporation, the only business transaction of which, within the state, shall be the loaning of funds to religious, social or benevolent associations, or corporations organized for purposes other than profit." Sec. 657, Rev. Code 1928.

"Acts void unless statutes complied with. No foreign corporation shall transact any business in this state until it has complied with the requirements of the preceding section, and every act done by said corporation prior thereto shall be void." Sec. 658, Rev. Code 1928.

"Rights upon compliance. Upon complying with the provisions of this article any foreign corporation shall have and enjoy the same rights and privileges held and enjoyed by a like domestic corporation; . . . " Sec. 660, Rev. Code 1928.

It is urged by counsel for defendants that plaintiff is, within the meaning of our statute, a "foreign" corporation, and since it is admitted that it did not comply with the provisions of section 657, *supra,* any business transacted by it, including necessarily the loaning of money and taking of mortgages, is, under the express language of section 658, *supra,* absolutely void. They cite in support of this contention the cases of *National Union Ind. Co.* v. *Bruce Bros.,* 44 Ariz. 454, 38 Pac. (2d) 648, and *Scott* v. *Bruce Bros.,* 44 Ariz. 469, 38 Pac. (2d) 654. If plaintiff is a corporation falling within the class described in section 658, *supra,* there can be no doubt but that defendants' contention is well taken. If, on the other hand, the section does not cover corporations such as plaintiff, it obviously does not apply. By the express language of the section it applies only to "foreign" corporations. Is plaintiff a foreign corporation within the meaning of the section?

██ The question of whether a corporation organized by and under the laws of the United States is a foreign corporation, within the meaning of state statutes regulating foreign corporations, has been before the courts in a number of cases, and it has been held practically invariably that unless the statute of the state expressly defines foreign corporations in language such as will necessarily bring a corporation organized under the laws of the United States within its terms, such corporation is not a foreign one. The reason for such a conclusion is set forth in the case of *Commonwealth* v. *Texas & Pac. R. Co.,* 98 Pa. 90, in the following language:

"The general government, in its relation to that of the several states, cannot be considered a foreign government in the ordinary acceptation of that term. Within the sphere of its delegated powers its authority extends over all the states of which it is composed, and to that extent it may be said to be identified with the government of each. Hence, a corporation created by the government of the United States cannot with propriety be called a foreign corporation. It is contended, however, that in a more comprehensive sense all corporations not created directly by state authority may be classed as foreign, in contradistinction to those of exclusively state origin; and that such was intended to be the meaning of the word 'foreign,' as used in the act. This might be so, if there was anything in the act itself indicative of an intent to use the word in that sense; but there is not. . . . "

This language is quoted approvingly in the case of *Texas & Pacific Ry. Co.* v. *Weatherby,* 41 Tex. Civ. App. 409, 92 S. W. 58, and we think the reasoning above set forth is unanswerable. The Constitution of Arizona and the Code of 1928, while making many references to "foreign" corporations, nowhere define the term. In the Revised Statutes of 1913, however, we find language which shows clearly the meaning which the legislature attributed to the word. Paragraph 2226, of that statute, which was simplified and carried forward in the Code of 1928 as section 657, *supra,* defines corporations which come under its provisions, in the following language:

"Any company *incorporated under the laws of any other state, territory, or any foreign country,* which shall carry on, do, or transact any business, enterprise, or occupation, in this state shall, before entering upon, doing, or transacting such business, enterprise, or occupation, in this state: . . . " (Italics ours.)

The corporations which are required to perform the acts set forth in the section are those which are

incorporated "under the laws of any other state, territory, or any foreign country." Certainly, the United States of America is neither another state, territory, nor a foreign country, so far as the state of Arizona is concerned. This precise question was raised in the case of *Steward* v. *Atlantic Nat. Bank,* (8th Cir.) 27 Fed. (2d) 224, 228. Construing the provisions of the Revised Statutes of 1913, from which were taken the provisions of the Code of 1928 relied upon herein, the contention was made that a national bank was a foreign corporation, and since it had not complied with the provisions of the statute necessary for it to obtain a permit to do business, it could not maintain an action in our courts. The court said:

"However important may be the general question, to what extent a state may have authority to impose regulations upon the right of a national bank seeking to carry on or transact business in a state other than that named in its charter, that question 'is not here involved, for the reason that a national bank is not a foreign corporation within the terms of the constitutional and statutory provisions of Arizona referred to; nor is it an association incorporated under the laws of any other state or territory. We find nothing in the phraseology of the statute (paragraph 2226, *supra*) which indicates an intention to classify national banks created by national law as foreign corporations. The words 'foreign country,' when given their usual and simple significance, mean a country exclusively within the sovereignty of a foreign nation and without the sovereignty of the United States (*DeLima* v. *Bidwell,* 182 U. S. 1, 21 Sup. Ct. 743, 45 L. Ed. 1041), and in the absence of unmistakably clear language, it will not be found that the state has attempted to exercise a regulatory power over national agencies established in aid of governmental purposes."

We are satisfied it was not the intent of our legislature to classify a corporation such as plaintiff herein

as a foreign one, and the provisions of sections 657 and 658, *supra,* do not apply to it.

It is urged, that even though this be true, plaintiff comes within the inhibitions of section 5, *supra,* of the Constitution, as being one ''organized outside of the limits of this State.'' This, of course, is true, but there is nothing in the section which provides that any business done by such a corporation is void. It merely says the corporation shall not be allowed to transact business within the state upon more favorable conditions than are prescribed by law for similar corporations organized under the laws of the state. There is no contention that in the transaction of its business plaintiff has claimed the right to act, or has acted, under any more favorable conditions than any domestic corporation. So far as the making of the loan and the securing and foreclosure of the mortgage involved in the present case is concerned, it apparently has followed precisely the same procedure as any domestic corporation engaged in the same business. The provision of the Constitution under consideration does not refer to the things which it is necessary for a corporation to do in advance to authorize it to transact business at all, but to the conditions under which it transacts the business; a very different thing.

Since the plaintiff does not fall within the terms of the constitutional and statutory provisions relied upon by defendants, we need not consider the other issue raised of whether, assuming that it did come within the definition of a foreign corporation, the state could impose limitations of the kind in question upon an agency of the federal government, such as plaintiff unquestionably is.

The next question is whether the court erred in adjourning the trial, on its own motion, after it had commenced, in order to allow plaintiff to secure addi-

tional evidence from San Francisco. We think that an adjournment of this nature does not fall within section 3798, Revised Code of 1928. That applies to a postponement of a trial after the case has been set, but before the trial has commenced. The adjournment of the trial which had already commenced in the present case rests rather on the inherent power of any court to regulate the conduct of a trial before it. 64 C. J. 84, and cases cited. In the present case the temporary adjournment was a long one, but in view of all of the circumstances, as shown by the record, we think it did not amount to an abuse of discretion, but was properly taken for the purpose of insuring that the case should be determined on the merits, and not on procedural matters, and there is nothing to indicate that defendants were prejudiced on the merits by the adjournment.

The next objection is that a certain deposition should have been stricken. We have examined the various objections made to the deposition and are of the opinion that they are more technical than substantial, and that the trial court properly overruled them.

There are several other assignments of error, but a careful examination thereof convinces us that, even if error did occur, under Article VI, section 22, of the Constitution of Arizona it is not such as should cause a reversal of the case.

The judgment of the trial court is, therefore, affirmed.

ROSS, C. J., and McALISTER, J., concur.