.964

Guy Axline, of Holbrook, Ariz. and Kramer, Morrison, Roche & Perry, of Phoenix, Ariz., for appellant.

Fennemore, Craig, Allen & Bledsoe, of Phoenix, Ariz. (Louis F. Gillespie, of Springfield, Ill., of counsel), for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The Apache Land & Cattle Company, a Colorado corporation, hereinafter called "Apache," appeals from a summary judgment in a suit by Apache to quiet title to certain lands in Apache County, Arizona, holding Apache has no interest in such lands and that the fee simple title is in appellee, the Franklin Life Insurance Company, an Illinois corporation, hereinafter called "Franklin."

It is agreed that Franklin, in a suit by it as a foreign corporation to foreclose a mortgage on the lands on the nonpayment of a loan secured by the mortgage, obtained a judgment of foreclosure of the lands and a deed from the sheriff of Apache County. It is agreed that the deed transferred the title to the lands to Franklin, unless the foreclosure proceeding is not res judicata of the right of Franklin to make the loan and accept the mortgage.

Franklin's motion for the summary judgment appealed from was based upon the verified exhibits accompanying the motion. These are copies of the judgment in the foreclosure suit, the execution and order of sale, the sheriff's return thereon, the sheriff's certificate of sale, the sheriff's deed, the complaint of Apache, the answer of Franklin, and Apache's reply. The judgment in the foreclosure suit discloses that Apache was served and that there was filed in its behalf a "Confession of Judgment" for the total principal sum of $225,-000, dated July 6, 1940, and "wherein it is stipulated and agreed that upon the entry of a judgment for the said sum the court may also enter an order and decree directing the sale of said mortgaged lands and premises as under foreclosure, in accordance with the laws of the State of Arizona, and the application of the proceeds thereof to the satisfaction, as far as possible, of said indebtedness after the payment of all proper costs and charges arising in connection with said sale and the costs of said action."

We are required to accept as a fact the allegation of Apache's reply that Franklin, a foreign corporation, had failed to qualify to do business in Arizona when the loans were made and the lands mortgaged to it, as required by the provisions of section 53-802, Arizona Code Annotated 1939, republishing section 658 of Revised Code of Arizona 1928. The Code at the time of the making of the note and mortgage provided

"53-802. Acts void unless statutes complied with.—No foreign corporation shall transact any business in this state until it has complied with the requirements of the preceding section, and every act done by said corporation prior thereto shall be void."

The question then is, whether in Arizona the complaint of a foreign corporation mortgagee, suing in a court of that state to foreclose a mortgage of Arizona lands, initiates litigation in which the defendant mortgagor is required to set up the defense that the mortgage is void because the mortgagee had failed to qualify to do business when the mortgage was given? If so, the judgment giving to the foreign corporation the title to the lands is res judicata of its power so to do.

We are of the opinion that in Arizona such a complaint of a foreign corporation requires the defendant to claim the illegal character of the mortgage securing the loan defendant has received from the plaintiff. Collister v. Inter-State Fidelity Building & Loan Ass'n of Utah, 44 Ariz. 427, 38 P.2d 626, 98 A.L.R. 1020, a case not cited, much less distinguished, in appellant's brief, seems controlling. In that case the plaintiff sought to recover certain moneys paid by it on a mortgage note because the interest rate agreed upon was usurious. The Arizona Supreme Court held that there could be no recovery because in a prior suit in which the defense of usury could have been raised the mortgage had been foreclosed. It states, page 435 of 44 Ariz., at page 629 of 38 P.2d: "Neither does the fact that the question of usury was not made an issue necessarily have this effect, since nothing can be litigated in a subsequent action between the same parties that was a proper subject of inquiry in the first but not considered merely because the defendant who was personally served failed to answer and raise it. 'It is well settled,' to use the language of this court in Citizens' State Bank v. McRoberts, 29 Ariz. 173, 239 P. 1028, 1029, 'that all matters in issue, *or which could have been put in issue*, in the action to collect the note were conclusively settled by the judgment in that cause. * * *' Appellant claims that this statement of the law is too broad but it is supported both by reason and authority and we see no occasion to modify it. * * *" (Emphasis supplied.)

Appellant relies upon two cases decided by the Arizona Supreme Court on the same day: National Union Indemnity Co. v. Bruce Bros., Inc., 44 Ariz. 454, 455, 38 P.2d 648, and the succeeding case of Scott v. Bruce Bros., Inc., 44 Ariz. 469, 38 P.2d 654. In these two cases it appeared from the evidence in each that Bruce Bros. was a foreign corporation which had failed to qualify to do business in Arizona. Bruce Bros. recovered judgment in the first case. The defense of illegality of the contract on which it recovered was not urged in the lower court. The Supreme Court held it could be raised on appeal since the facts as to the failure of the foreign corporation to qualify appeared in the record.

In the second case a judgment was recovered against Bruce Bros. In the lower court Scott sought to set up the defense but the court refused to entertain it. The Supreme Court allowed it to be raised on appeal, saying at pages 470, 471 of 44 Ariz., at page 655 of 38 P.2d, " * * * Ordinarily, of course, a defendant may not on appeal urge a defense which was not set up in his pleadings, but this is one of the defenses which may be raised at any time. As was said in Coppell v. Hall, 7 Wall. [542], 74 U.S. 542, 558, 19 L.Ed. 244:

" ' * * * In such cases there can be no waiver. The defense is allowed, not for the sake of the defendant, but of the law itself. The principle is indispensable to the purity of its administration. It will not enforce what it has forbidden and denounced. The maxim, ex dolo malo non oritur actio, is limited by no such qualification. The proposition to the contrary strikes us as hardly worthy of serious refutation. Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection, would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches, it destroys. The principle to be extracted from all the cases is, that the law will not lend its support to a claim founded upon its violation. * * *' "

Apache contends that the words "this is one of the defenses which may be raised at any time" constitute a dictum that the defense can be raised in a second suit on the same issues where the contention could have been raised in the first suit, but was not. We do not agree. The question of

res judicata was not before the court in either of the Bruce Bros. cases. The words "at any time" we take to mean at any time in the then instant litigation.

There is significant language in the National Union Indemnity case, supra, 44 Ariz. page 466, 38 P.2d page 653, where the court said: "It is, of course, true that where a contract is not illegal on its face, and the facts which make it illegal do not appear in the pleadings or the evidence, the court will enforce the contract."

There is no presumption in Arizona that a foreign corporation has not qualified itself to do business. The complaint of Franklin, the foreign corporation in the foreclosure proceeding, showed no transaction illegal on its face. The finding in the foreclosure decree that a mortgage was given and was in existence is res judicata that it was not void.

The judgment appealed from is affirmed.