716 P.2d 67

**CROWN ZELLERBACH CORPORA-TION, a Nevada corporation, dba Zellerbach Paper Company, Plaintiff/Appellant,**

v.

**Robert Scott FARRELL and Jane Doe Farrell, husband and wife, dba Corporate Data Systems U.S.A., aka Corporate Data Systems U.S.A., Inc., a nonexistent corporation, John Does and Jane Does 1 through 10, and Black Corporations 1 through 10, Defendants/Appellees.**

**No. 2 CA–CIV 5569.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 21, 1986.

Lee Galusha, Ltd. by Lee Galusha, Phoenix, for plaintiff/appellant.

Snell & Wilmer by Peter J. Rathwell, Phoenix, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

Crown Zellerbach Corporation appeals a summary judgment in favor of Robert Scott Farrell and Jane Doe Farrell, doing business as Corporate Data Systems, Inc. Crown Zellerbach argues on appeal the trial court erred by failing to hold Robert Farrell liable to it for an unauthorized $30,-000 corporate debt, as required by A.R.S. § 10–146. We disagree and affirm.

### FACTS

Crown Zellerbach, doing business in Arizona as a supplier of paper products, claims it sold paper products worth over $30,000 to Corporate Data on credit pursuant to a

signed credit application. Since Corporate Data was not authorized to do business in Arizona during the time in question, Crown Zellerbach argues that Robert Farrell, its president and an Arizona resident, is jointly and severally liable for the debt as a person "who assume[d] to act as a corporation without authority to do so" A.R.S. § 10–146. Farrell argues that § 10–146 applies only to domestic corporations, and contends that A.R.S. §§ 10–106 through 124 dealing with foreign corporations applies. Section 10–124 provides penalties for foreign corporations transacting business without authority including:

1) The inability to maintain an action in court;

2) Liability to the state for the years during which the corporation transacted business without authority; and

3) Injunctive relief which may be sought by the attorney general or any other person.

The statute also provides that transacting business without authority shall not affect the validity of any contracts or preclude the corporation from defending any action.

Crown Zellerbach counters this argument citing Article 14, § 5 of the Arizona Constitution, which prohibits foreign corporations from transacting business within the state under any conditions more favorable than those allowed to domestic corporations. It argues that in order to be consistent with the constitutional provision, § 10–146 must be read to include foreign corporations. Otherwise, foreign corporations have a preferred position over domestic corporations because they can transact business without authority and their agents can avoid the liability imposed by A.R.S. § 10–146. We hold Article 14, § 5 of the Arizona Constitution has no application to the facts of this case. *Lurie v. Arizona Fertilizer and Chemical Company*, 101 Ariz. 482, 421 P.2d 330 (1966); *Bezat v. Home Owners' Loan Corp.*, 55 Ariz. 85, 98 P.2d 852 (1940).

By virtue of A.R.S. § 10–002, A.R.S. § 10–146 is applicable only to domestic corporations and need not be extended to for-

eign corporations. The penalties imposed upon an unauthorized foreign corporation transacting business in Arizona are covered by A.R.S. § 10–124.

We find no merit in Crown Zellerbach's contention that the trial court abused its discretion by granting summary judgment on the day set for trial and by awarding Farrell his attorney's fees. We affirm and grant Farrell attorney's fees on appeal.

Affirmed.

LIVERMORE, P.J., and BIRDSALL, J., concur.