# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

### OCTOBER TERM, 1875, AT JEFFERSON CITY.

[CONTINUED FROM VOL. LX.]

---

EMMA SMITH, Plaintiff in Error, *vs.* THE PACIFIC RAILROAD, Defendant in Error.

1. *Railroad—Suit against Mo. Pacific for injuries caused by Atl. & Pac. R. R.— Consolidation act of 1870—Corporation of another State, meaning of.*—Under the act of March 24th, 1870, (Adj. Sess. Acts 1870, p. 91, § 2,) action will lie under § 2 of the Damage Act (Wagn. Stat., 519) against the Missouri Pacific Railroad, for injuries occasioned by servants of the Atlantic & Pacific Railroad after lease of the former by the latter road. The Atlantic & Pacific Railroad although chartered by Congress is "a corporation of another State" within the meaning of the act of 1870, *supra.*

*Error to Cole County Circuit Court.*

*Johnson & Botsford,* for Plaintiff in Error.

*J. N. Litton, with Ewing & Smith,* for Defendant in Error.

I. Plaintiff cannot recover under § 2 of the Damage Act, because, by the terms of that act, recovery can only be had from the corporation " in whose employ " the servant shall be at the time when the injury is committed.

2—VOL. LXI.          17

II. The Atl. & Pac. R. R. is not a " corporation of another State"—as meant by the act of March 1870—but of the United States. This limitation as to the railroad corporations " of another State," is the more striking, as this statute expressly provides for leases by corporations created by the United States.

Napton, Judge, delivered the opinion of the court.

The only question in this case is upon the construction of the act of the Legislature of March 24, 1870,which provides for the consolidation of railroads under certain restrictions, and for leasing or purchasing foreign railroads, or the leasing or purchasing by foreign railroads of railroads in this State. One of its provisions is, that "a corporation in this State, leasing its road to a corporation of another State, shall remain liable, as if it operated the road itself. and a corporation of another State being the lessee of a railroad in this State, shall likewise be held liable for the violation of any of the laws of this State, and may sue and be sued in all cases and for the same causes and in the same manner as a corporation of this State might sue or be sued, if operating its own road ; but a satisfaction of any claim or judgment by either of said corporations shall discharge the other, etc."

The suit was brought under the second section of the damage act, against the Pacific Railroad for damage occasioned by servants of the Atlantic and Pacific Railroad, upon the branch from Tipton to Boonville, and after the main road and the branch had been leased to the Atlantic & Pacific Railroad. The lease was made under this act and by its authority, and however singular the above provision may seem, it was accepted by the companies who bought and sold under it. This construction seems plain. It is evident that although the words used are "corporation of another State," and the Atlantic & Pacific Railroad was chartered by Congress, the section was designed to embrace any corporation outside of this State, whether chartered by Congress or another State. Both corporations are expressly declared liable—the leasing corporation as though no lease had been made.

As to the particular language of the 2d section of the damage act, it must be construed in connection with the provision in the act of 1870.

The judgment must be reversed and the cause remanded. Judges Wagner and Sherwood concur. Judges Vories and Hough absent.