HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* ROSARIO BARONE and Others, Defendants.

Supreme Court, Onondaga County, July 29, 1937.

*Irving G. Higbee,* for the plaintiff.

*Rulison, Parker & Ryan,* for the defendants.

ROBERTSON, J.   This action is brought to foreclose a mortgage given by defendants Rosario Barone and Anna F. Barone to plaintiff on the ground that they have failed to pay interest past due, amortization of principal and taxes levied against the mortgaged property.   Upon the trial said defendants conceded that no payments have been made by them to the plaintiff.

The defendants do, however, raise the following defenses against the plaintiff as grounds for the dismissal of its complaint:

*First,* that no tax was paid by plaintiff or any one for the recording of the mortgage herein.

*Second,* that the plaintiff has never acquired a legal right to do business in the State of New York.

*Third,* that the Home Owners' Loan Act does not authorize the plaintiff to institute foreclosure actions.

*Fourth,* that the Home Owners' Loan Act is unconstitutional.

*Fifth,* that the Home Owners' Loan Act is a usurpation of the rights which were reserved to the People of the various States.

Section 258 of the Tax Law of New York provides that no mortgage shall be effective unless, when it is recorded, a recording tax is paid.   It is conceded that no mortgage tax was paid when the mortgage was recorded.

By section 252 of the Tax Law (as amd. by Laws of 1933, chap. 785) and acts amendatory thereof, the Legislature declared than an emergency existed which made it essential, among other things, to exempt the Home Owners' Loan Corporation and certain Federal banks from the payment of a mortgage recording tax. It is argued by these defendants that such legislation is discriminating. The right to make such exemptions is generally vested in the Legislature, but such exemptions are upheld by the courts unless they lack a reasonable basis and are clearly arbitrary and unreasonable. (*Atkins* v. *Hertz Drivurself Stations, Inc.*, 261 N. Y. 352; *Chamberlin, Inc.*, v. *Andrews*, 271 id. 1; *Jeffrey Mfg. Co.* v. *Blagg*, 235 U. S. 571.)

This legislative exemption from tax appears to be a part of a complete plan to give to distressed home owners an opportunity to save their homes from foreclosure at a minimum cost. The wisdom of such legislation or the ultimate result of such refinancing to mortgagors or to the Federal government is not here passed upon. It is my opinion that such an exemption from tax is not a violation of any constitutional or legislative provision.

Having held that such exemption from the payment of a mortgage recording tax is not in violation of any constitutional provision, it is unnecessary to discuss the additional points made by this plaintiff on this particular phase of the question, namely, that the State of New York is not permitted to levy a tax against a corporation which is owned and controlled solely by the United States government, and that these defendants are not in a position to raise the question of the constitutionality of this exemption clause. The decision herein that the exemption statute is constitutional renders the two subsequent points academic.

The defendants next claim that this plaintiff has no right to do business within the State of New York and so is without power to bring this action. The State of New York requires a foreign banking corporation to apply for and obtain a certificate from its Superintendent of Banks authorizing such corporation to do business in this State. (Banking Law, §§ 27, 144, 145.)

The question here resolves itself into the specific question of what is a foreign corporation. The answer to this would seem to be implied in subdivision 7 of section 7 of the Civil Practice Act, which states that a domestic corporation is one located in this State and created by or under the laws of this State or by or under the laws of the United States. The definition of a foreign corporation found in 14-A Corpus Juris (§ 3922) states that a foreign corporation is one created by or under the laws of another State or the American Union or by or under the laws of a foreign country. Section 3924 in said volume of Corpus Juris states that a corporation

duly formed by an act of Congress is not a foreign corporation any more than an act of Congress is a foreign law.

The facts in this case bring this plaintiff well within these definitions, and it is clear to me that the plaintiff is not a foreign corporation but, for the purpose of this action, has the attributes of a domestic corporation.

The next defense which these defendants raise is that conceding the mortgagors are in complete default as to the payments which they agreed in their bond and mortgage to make to plaintiff, still the plaintiff is without power to foreclose the mortgage by an action at law. The very statement of such a proposition would seem to dispose of such a defense. It would be a very benevolent government indeed which would authorize its agents to lend three billion dollars upon first mortgages and permit the mortgagors to ignore all of their obligations of payments, which were made by them under seal, and then preclude the government from proceeding to recover the money advanced or obtain the mortgaged premises which were put up as collateral to the loan. The Home Owners' Loan Act of 1933 provides that the board of directors are authorized to make such by-laws, rules and regulations as may be necessary for the proper conduct of its affairs. (U. S. Code, tit. 12, § 1463, ¶ k.) The charter of the plaintiff provides that the corporation shall have full power to sue and to do all of the things incident to, necessary, or proper, in the exercise of its functions. Even if it were not provided in the law creating the plaintiff and in its charter, that the plaintiff could sue under its bond and mortgage, how could these defendants maintain that, having received the benefits of this loan and having agreed that in default of the payments they had agreed to make, plaintiff could foreclose its mortgage, nevertheless plaintiff was without power to enforce these defendants' obligations and collect its debt?

This claim is without merit.

The last two defenses raised by these defendants can be combined into one, namely, that the Home Owners' Loan Act is unconstitutional. This question came squarely before the Circuit Court of Appeals, Second Circuit, in the case *United States* v. *Kay* (89 F. [2d] 19). Judge MANTON, writing, holds that the Home Owners' Loan Act was designed to relieve distress of mortgage foreclosures and was within the scope of constitutional power of Congress under the general welfare clause of the Constitution. Nothing need be added here to the language of that court. My attention has been called to no decision which holds the Home Owners' Loan Act unconstitutional. That the question is settled, I do not doubt.

I find that there is due and owing under the said bond and mortgage, to this plaintiff, the sum of $5,390.67, with interest at the

rate of five per centum per annum from the 26th day of February, 1934, and judgment may be had as set forth in the plaintiff's demand for judgment in the complaint herein, subject, however, to the limitations of section 1083-a of the Civil Practice Act in regard to a deficiency judgment.