HOME OWNERS' LOAN CORP., APPELLEE, *v.* SHERWIN ET AL., APPELLANTS.

HOME OWNERS' LOAN CORP., APPELLEE, *v.* WELCH ET AL., APPELLANTS.

(Decided May 9, 1938.)

*Mr. James W. Shocknessy, Miss Florence G. Denton* and *Mr. Robert J. W. Meffley,* for appellee.

*Mr. Edward Lamb* and *Mr. Lowell M. Goerlich,* for appellants.

LLOYD, J. The questions involved in the two above captioned cases are alike and require the same answer. What applies to one applies likewise to the other. The appellants, Sherwin and Welch, appeal to this court on questions of law from judgments on the pleadings in favor of appellee entered by the Court of Common Pleas in actions to foreclose mortgages on premises of the respective appellants to satisfy the amounts found due thereon.

The petition filed in each of the instant cases alleges that the Home Owners' Loan Corporation is a corporation organized and existing under and by virtue of the laws of the United States. The answers thereto of the appellants admit this allegation to be true, and it is admitted that the act of its creation provides that it shall be an instrumentality of the United States and that it shall have authority to sue and be sued in any court of competent jurisdiction, federal or state.

Without detailing the pleaded facts which present the controverted question, it is sufficient to say that the contention of appellants is that in so far as Ohio is concerned the mortgagee corporation, having been created by congressional enactment, is a foreign corporation, and not having qualified as such under the applicable Ohio statutes, cannot invoke the jurisdiction of Ohio courts as a forum in which to foreclose its defaulted mortgages; and further, that it is against the public policy of the state to permit it to do so. Counsel for appellee reply to this contention by saying that the corporation having been created by Congress to perform a governmental function of the United States, is ubiquitous in nature and is to be regarded as a domestic corporation in every state of the Union where it transacts its business. Neither is correct.

The Court of Common Pleas is created by the Constitution of the state and is given thereby such jurisdiction as "shall be fixed by law," that is, by statute enacted by the General Assembly. Section 11215, General Code, provides that:

"The Court of Common Pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace."

Article I, Section 16 of the Constitution provides in part that:

"All courts shall be open, and every person, for an

injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.''

Within the purview of this section of the Constitution a corporation is a person, and unless prohibited therefrom has access to the courts of the state in the commencement and prosecution of such causes of action as occasion therefor may arise.

By Section 8625-2, General Code, it is provided that:

'' 'Domestic corporation' shall mean a corporation incorporated under the laws of this state;

'' 'Foreign corporation' shall mean a corporation incorporated under the laws of another state;

'' 'State' shall mean any state, territory, insular possession, or other political subdivision of the United States, including the District of Columbia, and any foreign country or nation whose political sovereignty is recognized by the United States, and any province, territory or other political subdivision of such foreign country or nation; * * *.''

Sections 8625-4 *et seq.*, General Code, state what must be done by a foreign corporation to qualify it to transact business in Ohio, and the penalty for failure of a foreign corporation to so qualify is specified in Section 8625-25, General Code, which reads in part:

''The failure of any corporation to obtain a license under the provisions of this act shall not impair or affect the validity of any contract with such corporation, but no foreign corporation which *should* have obtained such license shall *maintain any action* in any of the courts of the state until it shall have obtained such license.''

A glance at the statutory definition of what is a foreign corporation in this state discloses that the United States is not included among the political units

therein enumerated. The United States, of course, is not "a foreign country or nation" in its relation to the several states and it may be inferred that it was intentionally omitted therefrom. In any event, the appellee corporation is neither a domestic nor a foreign corporation within the Ohio statutory definitions thereof; and by no statute is it excluded from invoking the jurisdiction of the Courts of Common Pleas to foreclose its mortgages upon the lands of appellants in its actions commenced therein for that purpose.

If the General Assembly deems it proper to do so, it has the power to so limit the jurisdiction of the Court of Common Pleas as to deprive corporations such as appellee from the privilege of commencing or maintaining actions therein, for the reason that state and federal governments are distinct sovereignties, and, the Constitution of the United States not providing otherwise, "All states in providing their own jurisdictional tribunals have a right to limit, control and restrict their judicial functions and jurisdiction according to their own mere pleasure." *Mitchell* v. *Great Works Milling & Mfg. Co.*, 17 Fed. Cases, page 496.

The fact that corporations such as appellee have not been excluded from prosecuting actions in the courts of this state is sufficient answer, in our judgment, to the claim that it is against the public policy of the state to permit them to do so.

The judgments and decrees of the Court of Common Pleas are therefore affirmed.

*Judgments affirmed.*

CARPENTER and OVERMYER, JJ., concur.