## DODSON et ux. v. HOME OWNERS' LOAN CORPORATION.

### No. 3775.

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1938.

Claud J. Carter and J. R. Cade, both of San Antonio, for appellants.

F. C. Davis, Jesse I. Edwards, and E. L. Early, all of San Antonio, for appellee.

NEALON, Chief Justice.

Home Owners' Loan Corporation, a corporation created, organized and existing under and by virtue of an Act of the Congress of the United States, 12 U.S.C.A. § 1461 et seq., brought suit against R. E. Dodson and wife, Leona Dodson, and others upon a promissory note originally in the sum of $5,398.24, and to foreclose a deed of trust lien upon certain described property in Bexar County. Several of the defendants filed disclaimers, and upon an instructed verdict judgment was rendered against R. E. Dodson for $7,323.94 upon the note and $342.93, representing taxes paid by plaintiff on behalf of said defendants, and for foreclosure of said lien as against appellants and such co-defendants as had not filed disclaimers.

Only R. E. Dodson and Leona Dodson appealed.

The note sued upon was payable in installments and its maturity was accelerated by plaintiff on account of the failure of payors to pay certain installments when due. The note was introduced in evidence. No plea of payment was made, nor was it denied that default had been made as to certain of the installments. The special defenses urged will be noted in our conclusions of law.

### Opinion.

■ Appellants contend that recovery should not be allowed upon the theory that plaintiff below was seeking to foreclose a vendor's lien; that said lien constituted an interest in land; that plaintiff was an instrumentality of the United States Government; and that under the provisions of the Resolution approved by the President of the United States in 1845 and by the Republic of Texas, by virtue of which Texas became a State of the American Union, it was provided that the United States should not acquire land directly or indirectly through its instrumentalities of Government except for the specific purposes thereafter expressed by Art. 5242 of the Revised Civil Statutes (1925) of Texas, it being contended that said Resolution of Annexation possessed the binding force of a treaty. This proposition lacks merit. The Resolution in question provided that the State should cede to the United States certain properties which pertained to the public defense, but should retain all the vacant and unappropriated public lands lying within the State's limits. It nowhere stipulated that the United States might not acquire lands either by purchase or in any other manner deemed necessary. Our Court of Criminal Appeals, in Curry v. State, 111 Tex.Cr.R. 264, 12 S.W.2d 796, discussed the question of the effect of acquisition of title by the United States and held that the consent of the Legislature was not necessary as a condition precedent to ownership of Texas land by the United States, but only to the transfer of exclusive jurisdiction over said land. The right of the United States to acquire and enforce liens against realty has been expressly recognized by the enactment of Art. 6644, Revised Civil Statutes, 1925, providing for recording of such liens. In the case of Curry v. State, supra, the court cited, with approval, People v. Humphrey, 23

Mich. 471, 9 Am.Rep. 94, which likewise held that the assent of the State as a condition to the taking of lands by the Government was not necessary, but its consent was required for the purpose of "a transfer of jurisdiction." See, also, Ft. Leavenworth R. Co. v. Lowe, 114 U. S. 525, 5 S.Ct. 995, 29 L.Ed. 264, and Kohl v. U. S., 91 U.S. 367, 23 L.Ed. 449.

■ Appellants further contend that plaintiff is a foreign corporation within the meaning of the Statutes of Texas, and therefore the Court erred in rendering judgment without proof that plaintiff had secured from the Secretary of State of Texas a permit to do business in the State. Art. 1529, Revised Civil Statutes, 1925, defines a foreign corporation as one "organized or created under the laws of any other State, or of any territory of the United States, or of any municipality of such State or territory, or of any foreign government, sovereignty or municipality." Since appellee was created and organized under an Act of Congress, it is clear that it is not a foreign corporation within the meaning of Article 1529. This assignment of error is overruled.

■ Finally, it is urged that the note declared upon was an installment note, that it would be approximately eleven years before the last installment became due, and that there was no proof that defendants defaulted in their payments or that plaintiff exercised its option to declare the note due and payable. Plaintiff alleged that appellants had made default in the payment of said note and certain installments thereof, that the default had existed for more than ninety consecutive days, and that it was exercising its option to declare the entire amount due and payable; that there was further due $64.-63 for insurance and that plaintiff had advanced taxes to the Tax Collector of Bexar County for the years 1934 and 1935 and to the Collector of the City of San Antonio and the San Antonio Independent School District for the year 1934. The note provided that default in the payment of any installment for a period of ninety days or a failure to perform any of the conditions of the deed of trust securing the note, should give the holder thereof the option to declare the remainder of the debt due and payable. Among the covenants of the deed of trust upon the part of the appellants was one obligating them to pay all taxes and grant-

ing appellee the right to pay the same in the event appellants failed to perform such obligation. The note provided that the amount so paid should be repaid to plaintiff when the next succeeding installment of principal became payable. No plea of payment as to installments alleged to be past due was filed, nor as to the taxes as to which default was alleged. The note declared upon was introduced in evidence and bore no entries of credits showing payment of the installments alleged to be in default. The evidence was sufficient. R.C.S., 1925, Art. 2014; Commercial Inv. Trust, Inc., v. Smart, 123 Tex. 180, 67 S.W.2d 858, 69 S.W.2d 35; French v. Stubblefield, Tenn.Ch.App., 56 S.W. 32.

We find no reversible error in the record. The judgment of the trial court is affirmed.