## CARTER et ux. v. HOME OWNERS' LOAN CORPORATION.

### No. 3791.

Court of Civil Appeals of Texas. El Paso.

Dec. 15, 1938.

Rehearing Denied Jan. 5, 1939.

Claud J. Carter and Gus B. Mauermann, both of San Antonio, for appellants.

F. C. Davis, Jesse I. Edwards, and E. L. Early, all of San Antonio, for appellee.

NEALON, Chief Justice.

Home Owners' Loan Corporation, a corporation created, organized and existing under and by virtue of an Act of the Congress of the United States, 48 Stat. 128, 12

U.S.C.A. § 1461 et seq., brought suit against Claud J. Carter and wife, Emma M. Carter, and Hillyer-Deutsch Jarratt Company upon a promissory note originally in the sum of $5,831.20, and further amounts for taxes paid, and to foreclose a deed of trust lien upon certain described property in Bexar County. Upon an instructed verdict judgment was rendered against defendant Claud J. Carter for the sum of $7,067.59, and against all defendants for foreclosure of the deed of trust lien. Claud J. Carter and Emma M. Carter appealed.

The note sued upon was payable in monthly installments and its maturity accelerated because of default for more than ninety days in the payment of certain of the installments and on account of default in the payment of taxes. Defendants filed no general denial, but in their answer admitted the execution of the note and the default. For special answer they alleged an agreement upon the part of plaintiff, acting through its agents, to permit them to pay increased amounts until all delinquencies were satisfied and then pay the remaining installments as they fell due. General demurrer to this special answer was sustained, to which action of the court the defendants Claud J. Carter and Emma Carter excepted. Such other facts as may be necessary to an understanding of the issues will be detailed hereinafter.

## Opinion.

Appellants assign as error the action of the court in sustaining the general demurrer to their special defense. The ruling was a correct one. No consideration for further indulgence was shown. The agreement did not embody an undertaking to do more than defendants were obligated to do by reason of their original contract, and they did not allege that they had performed their agreement to the extent of putting the debt in good standing. The assignment is overruled.

Error is also assigned to the action of the court in sustaining plaintiff's general demurrer to like allegations in defendants' second supplemental answer. For the reasons just stated this assignment is overruled.

By the fourth and fifth assignments appellants urge that the court erred in admitting in evidence tax receipts and redemption certificates evidencing tax payments which were the primary obligations of defendants, and which plaintiff paid to protect its security, and in admitting in evidence the Charter of the Home Owners' Loan Corporation. There was no reversible error in either of these rulings. These assignments are overruled.

By further assignments appellants challenge the judgment upon the following grounds: (1) that the lien held by plaintiff was a vendor's lien and that by acquiring it plaintiff, an agency of the United States Government, contravened the "Treaty" of 1845 between the United States and the Republic of Texas; (2) that plaintiff did not have a permit to do business in the State of Texas; (3) that the Act of Congress of 1933 creating the Home Owners' Loan Corporation was void because it was in conflict with the provisions of the "Treaty of Annexation" between the United States and the Republic of Texas and the Statutes of Texas; (4) that plaintiff did not comply with Article 5242 in acquiring the lien sued on and sought to be foreclosed; (5) that the evidence was insufficient to sustain the verdict because it was not shown that the note sued upon was not paid; (6) that there was no evidence of default, or that defendants had failed to comply with any and all of the terms and conditions of the note and deed of trust.

We will dispose of the two last mentioned assignments first. The answer of the defendants admitted the default. The note was introduced in evidence. It did not show payment of the installments alleged to be in default. No plea of payment was filed. The assignments are overruled.

The other questions raised in this appeal were also raised in the case of R. E. Dodson et ux. v. Home Owners' Loan Corporation, Tex.Civ.App., 123 S.W.2d 435, this day decided, and have been discussed as far as necessary in the opinion accompanying the decision of that case. Further discussion in this case will accomplish nothing. The views stated in the Dodson Case are adopted as controlling in this case. All assignments of error are overruled.

Judgment is affirmed.