## SEVERSON et al. v. HOME OWNERS LOAN CORP.

No. 28559. Jan. 31, 1939.

Rehearing Denied March 21, 1939.

A. L. Harbison and Norman Barker, for plaintiffs in error.

G. Ellis Gable, O. K. Wetzel, and S. M. Rutherford (A. M. Frazier, of counsel), for defendant in error.

PER CURIAM. The principal questions involved in this appeal are: (1) Whether a corporation created by act of Congress may, as a matter of right, maintain an action in the courts of this state when the jurisdiction of such courts under the laws of their creation is adequate to the occasion; (2) whether such corporation must as a condition precedent to the maintenance of such action comply with laws relating to foreign corporations; and (3) whether the Legislature may exempt such corporation from the necessity of making a cost deposit or giving a bond in lieu thereof.

The Home Owners Loan Corporation, hereafter referred to as plaintiff, commenced this action in the district court of Tulsa county against Olive Severson and J. S. Severson, hereafter referred to as defendants (and others not here involved), seeking a money judgment and the foreclosure of a real estate mortgage. The defendants did not plead to the merits of the action and in no manner denied the indebtedness or the execution of the instruments declared upon, but by motion to dismiss, demurrer, answer and amended answer challenged the jurisdiction of the trial court to render any judgment in the premises. The parties waived a jury and tried the cause to the court. The plaintiff was given judgment in accordance with the prayer of its petition, and the defendants appeal from the judgment so rendered and the order which overruled and denied their motion for new trial. The defendants contend, in effect, that the judgment was one coram non judice. The specific contentions made by the defendants may thus be summarized: (1) The jurisdiction of the trial court was inhibited by virtue of the provisions of sections 1 and 2, art. 3, of the Constitution of the United States; (2) the plaintiff could not maintain the action on account of the fact that it had failed to qualify to transact business in this state in the manner required of foreign corporations; (3) the jurisdiction of the trial court, if any, was ministerial and not judicial; (4) the court erred in the exclusion of certain evidence tendered by the defendants; (5) the action should have been dismissed on account of failure of plaintiff to make a deposit or give bond for costs.

We will first inquire whether the objection based on constitutional grounds is tenable. The plaintiff, it is admitted, was created and exists by virtue of act of Congress commonly known as the Home Owners Loan Corporation Act and acts amendatory thereof (12 U.S.C.A. par. 1461 et

seq.), and by the act of its creation was declared to be an instrumentality of the United States and clothed with authority to sue and be sued in any court of competent jurisdiction, federal or state. Whereas sections 1 and 2, art. 3, of the Constitution of the United States limit and define the judicial power of the United States, they do not commit to the federal courts and withhold from the state courts jurisdiction of all suits in which the federal agency or instrumentality is a party. The cases cited by the defendants, with the exception of the case of Hoxie v. New York, New Haven & H. R. Co. (Conn.) 73 Atl. 754, and which was in effect overruled by the decision of the Supreme Court of the United States in the subsequent case from the same jurisdiction of Mondou v. New York, New Haven & H. R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, 1 N.C.C.A. 875, do not support the contentions of the defendants to the contrary. On the other hand, it is a well-established doctrine that state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States save in exceptional instances where jurisdiction has been restricted by Congress to the federal courts. Grubb v. Public Utilities Comm., 281 U. S. 470, 50 Sup. Ct. 374, 74 L. Ed. 972, and cases therein cited. As has been aptly said in the case of Claflin v. Houseman, 93 U. S. 130, 23 L. Ed. 833:

"The laws of the United States are laws of the several states, and just as much binding on the citizens and courts thereof as the state laws are. The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount sovereignty. Every citizen of a state is a subject of two distinct sovereignties, having concurrent jurisdiction in the state; concurrent as to place and persons, though distinct as to subject matter. Legal or equitable rights, acquired under either system of laws, may be enforced in any court of either sovereignty competent to hear and determine such kind of rights and not restrained by its Constitution in the exercise of such jurisdiction. Thus, a legal or equitable right acquired under state laws, may be prosecuted in the state courts, and also, if the parties reside in different states, in the federal courts. So rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States Courts or in the state courts, competent to decide rights of the like character and class; subject, however, to this qualification, that where a right arises under a law of the United States, Congress may, if it sees fit, give to the federal courts exclusive jurisdiction. See remarks of Mr. Justice Field, in The Moses Taylor, 4 Wall. 429, 18 L. Ed. 401, and Story, J., in Martin v. Hunter, 1 Wheat. 334; and Mr. Justice Swayne, in Ex parte McNeil, 13 Wall. 236, 20 L. Ed. 624. This jurisdiction is sometimes exclusive by express enactment and sometimes by implication. If an Act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some Act of Congress, by a proper action in a state court. The fact that a state court derives its existence and functions from the state laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the state as it is to recognize the state laws. The two together form one system of jurisprudence, which constitutes the law of the land for the state; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent."

The action at bar was one wherein the ordinary jurisdiction of the trial court was appropriate to the occasion and calculated to provide full relief to all of the parties. The plaintiff by its creation was made amenable to and given the privilege of invoking the concurrent jurisdiction of either federal or state courts and elected to invoke the jurisdiction of the state court in conformity to the laws controlling the jurisdiction of such court and not otherwise. In so doing we hold no constitutional inhibition was involved and that the jurisdiction of the trial court was properly invoked.

The next contention of the defendants is, in effect, that the plaintiff was a foreign corporation transacting business in this state without compliance with the statutory requirements incident to such corporations, and hence could not enforce its contracts in the courts of this state, and that the action should have been dismissed for this reason. If the major premise were correct, the conclusion of the defendants would properly follow (section 132, O. S. 1931, 18 Okla. St. Ann. sec. 454; Seidenbach v. A. E. Little Co., 146 Okla. 247, 294 P. 126). However, since the case of McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579, the power of Congress to create corporations to carry into execution the enumerated powers of that body has not been questioned, but has been frequently reaffirmed. See

Osborn et al. v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204; Farmers, etc., Nat. Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196. As stated in Claflin v. Houseman, supra:

"The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount sovereignty."

Likewise corporations created by its authority are not foreign corporations, but have a legal existence in every state in which they may transact business pursuant to the authority conferred upon them by Congress. See Thompson on Corporations (3rd Ed.) vol. 1, par. 158, page 184; C. J. 14A., par. 3924, page 1214; H.O.L.C. v. Barone, 298 N. Y. S. 531; Commonwealth v. Texas & Pacific Railway Co., 98 Pa. 90; Leggett v. Federal Land Bank, 204 N. C. 151, 167 S. E. 557, 88 A.L.R. 871. We hold that the plaintiff was not a foreign corporation, and that therefore the provisions of section 132, O. S. 1931, 18 Okla. St. Ann. sec. 454, had no application to it and that the trial court properly so held.

The defendants' third contention has been disposed of adversely by what we have heretofore said in connection with the first contention advanced, and any elaboration thereon could serve no useful purpose. It suffices to say that there is no merit in the contention so made.

Under their fourth contention the defendants complain of the exclusion of certain evidence offered by them which tended to explain the nature and purpose of the Home Owners Loan Corporation Act and the character of the plaintiff corporation, and also evidence which would show that the plaintiff was transacting business in the state of Oklahoma. The matters thus sought to be shown were neither material nor relevant to any issue before the court, but were apparently offered on the theory that the plaintiff was subject to the provisions of section 132, O. S. 1931, 18 Okla. St. Ann. sec. 454. Since, as pointed out above, such was not the case, there was no error in the rejection of the proffered evidence.

Finally it is urged that article 10, chap. 46, S. L. 1935, 12 Okla. St. Ann. sec. 67, which excepts the Home Owners Loan Corporation from the necessity of giving cost and appeal bonds and making a deposit for costs in civil actions, violates sections 51 and 59 of art. 5 of the Constitution of the State of Oklahoma in that it is a law which grants exclusive rights, privileges, and immunities to the plaintiff and constitutes special legislation. It is not necessary that we determine these questions, since, as held in Fowler v. Fowler, 15 Okla. 529, 82 P. 923, the requirement of a cost deposit or bond is not jurisdictional and objection to the failure to give such bond or cost deposit should be raised by special appearance and motion to quash summons and not by motion to dismiss. See, also, in this connection Capitol Finance Co. v. McNealy, 179 Okla. 5, 63 P.2d 940. Since the defendants did not avail themselves of the remedy which they might have invoked, but by motion to dismiss entered a general appearance, since their objection to the jurisdiction of the court was both as to the subject matter of the action as well as over the persons (Webster v. Crump, 117 Okla. 244, 246 P. 423), we hold that they waived the objection. Not having properly preserved the question for determination, no reversible error is presented.

Judgment affirmed.

BAYLESS, C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur.