Home Owners' Loan Corporation, Respondent, v. Eleanor R. Caplan, Ephrim Caplan and James B. Killian, Appellants.—164 S. W. (2d) 652.

St. Louis Court of Appeals. Opinion filed October 6, 1942.

Motion for Rehearing Overruled October 20, 1942.

Writ of Certiorari Denied by Supreme Court December 7, 1942.

Ephrim Caplan for appellants.

1278

*Claud D. Hall* for respondent.

1280

BENNICK, C.—This is an action upon·a redemption bond which was given by defendants in connection with a proceeding initiated by them in the Circuit Court of St. Louis County for the redemption of certain real estate sold at foreclosure under power of sale contained in a deed of trust upon the property, and bought in at such sale by Home Owners' Loan Corporation, the owner and holder of the debt or obligation secured by the deed of trust.

The defendants are Eleanor L. Caplan and Ephrim Caplan, the grantors in the deed of trust and principals on the bond, together with James B. Killian, the surety on the bond.

Redemption was not made in accordance.with the condition of the bond, and thereafter this action was instituted by Home Owners' Loan Corporation for the recovery of the damages to be paid in satisfaction of the bond.

The petition recited the facts as above set out, and prayed judgment against defendants for the sum of $700, the full penalty of the bond.

For their answer defendants set up (in addition to a general denial and certain other alleged defenses not material to this appeal) that plaintiff, Home Owners' Loan Corporation, was a business corporation not organized or doing business under the laws of the State of Missouri; that it nevertheless maintains an office and is engaged in doing business in this State, which business consists of the making of interest bearing loans secured by deeds of trust, the acquisition of title to properties at foreclosure sale, and the subsequent rental or resale of such properties at prevailing market prices; that at no time while so engaged in doing business in this State had it complied with the provisions of law applicable to foreign corporations, and particularly Sections 5072, 5074, 5077, 5341, and 5342, R. S. Mo. 1939

(Mo. R. S. A., secs. 5072, 5074, 5077, 5341, and 5342) ; that it was doing business in this State contrary to law; and that by reason of such fact it was not entitled to maintain an action in a court of this State for enforcement of the penalty of the bond, and the court was without jurisdiction of the subject matter of the action. Defendants prayed, therefore, that plaintiff's action on the bond be dismissed.

Plaintiff moved to strike from the answer what was denominated defendants' plea to the jurisdiction, which motion was sustained by the court.

Defendants then moved the court to set aside its ruling sustaining plaintiff's motion to strike out the plea to the jurisdiction; and this being overruled, defendants filed what they termed a supplemental plea in abatement, in which it was alleged, in substance, that the court's action in sustaining the motion to strike was a denial of due process and of the equal protection of the law as guaranteed by constitutional provisions, and that to permit a trial of the case upon its merits without first hearing and adjudicating the issues presented by the plea to the jurisdiction would constitute an infringement by the court upon the right of the Legislature to determine the public policy of the State in respect to foreign corporations, all in alleged violation of constitutional provisions relating to the distribution of powers between the executive, legislative, and judicial branches of the state government, and allegedly amounting to a denial to defendants' of due process of law.

The supplemental plea in abatement was overruled, whereupon defendants moved for a prior and separate trial upon the issues presented by such plea. This in turn was overruled; and the cause coming on for a hearing, defendants elected to stand upon their alleged constitutional defenses and declined to participate in the trial. Evidence was thereupon offered by plaintiff in support of all the elements of its cause of action; and at the conclusion of the hearing the court found in favor of plaintiff, and against defendants, and entered judgment against defendants for the sum of $700, the full penalty of the bond.

From the judgment so entered, defendants were allowed an appeal to the Supreme Court upon the theory that the constitutional questions which defendants had sought to inject into the case brough the same within that court's appellate jurisdiction. The Supreme Court found, however, that no such constitutional questions properly existed or were involved in the case, and consequently ordered that the cause be transferred here. [Home Owners' Loan Corp. v. Caplan (Mo.), 160 S. W. (2d) 754.]

With all the purported constitutional questions eliminated from the case, and passing entirely the question of whether plaintiff could in any event be regarded as a corporation organized for profit or gain in the sense of the statutes upon which defendants rely, the contro-

versy between the parties is to be determined upon the bare legal question of whether plaintiff is to be held to be a foreign corporation within the meaning of such statutes so as to bar it from the maintenance, in the courts of this State, of the present action for the enforcement of the penalty of the bond. There is no suggestion that it has in any way or at any time attempted to meet the requirements of such statutes (save for the maintenance of a public office within the State), but on the contrary the contention is that it is not a foreign corporation within the comprehension of the local law, and that as an acknowledged instrumentality of the United States (12 U. S. C. A., sec. 1463), it is entitled to sue in the courts of this State without regard to the provisions of the statutes relating to foreign corporations which may desire to transact business in this State.

Of the sections of the statutes relied upon by defendants, Section 5072 provides, among other things, that every corporation for pecuniary profit "formed in any other State, territory or country," before it shall be authorized or permitted to transact business in this State, or to conduct business therein if already established, shall have and maintain a public office or place in this State for the transaction of its business, where legal service may be obtained upon it, and where proper books shall be kept to enable such corporation to comply with the consitutional and statutory provisions governing such corporation.

Section 5074 provides, among many other things, that every company incorporated for gain "under the laws of any other State, territory, or country," now or hereafter doing business within this State, shall file in the office of the secretary of state a copy of its charter or articles of association, duly authenticated by the proper authority, together with a sworn statement particularly setting forth the business of the corporation which it is engaged in carrying on, or which it proposes to carry on, in this State.

Section 5077 provides that every corporation for pecuniary profit "formed in any other State, territory or country," now doing business or which may thereafter do business in this State, which shall neglect or fail to comply with the conditions of this law, shall not only be subject to a fine, but in addition shall be barred from maintaining any suit or action, either legal or equitable, in any of the courts of this State, upon any demand, whether arising out of tort or contract.

Sections 5341 and 5342, which are a part of the article and chapter relating to manufacturing and business companies, similarly provide that no such company "organized or incorporated under the laws of any other State" shall do business in this State without first procuring a license from the secretary of state, and that in order to procure such license it shall be necessary for the corporation applying therefor to file with the secretary of state a copy of its articles of association and charter granted by the State or territory under which it is organized.

Plaintiff, Home Owners' Loan Corporation, is of course not a domestic corporation in the usual and ordinary sense of the term, in that it is not a corporation which has been created by this State, and which performs its functions under this State's authority. However, by the same token, neither is it a foreign corporation in the usual and ordinary sense of the term, which implies a corporation deriving its existence under laws which are limited in their operation to a territorial jurisdiction wholly outside this State's borders, with the consequence that such corporation can have no legal standing in this State except as it may be permitted to enter with this State's consent under principles of legislative comity. On the contrary, while plaintiff is a corporation created by Act of Congress (12 U. S. C. A., secs. 1461-1468) and not by local state authority, such act, having been passed by Congress in the exercise of its constitutional prerogatives, is universally applicable to the whole United States irrespective of state lines or state authority, so that plaintiff, whose powers and functions as a corporation have been made coextensive with the entire Union, is no more to be regarded as a foreign corporation within this State than is the act of its creation to be regarded as a foreign law. [Homan v. Connett, 348 Mo. 244, 152 S. W. (2d) 1053; Bezat v. Home Owners' Loan Corp., 55 Ariz. 85, 98 Pac. (2d) 852; Home Owners' Loan Corp. v. Gordon, 36 Cal. App. (2d) 189, 97 Pac. (2d) 845; Home Owners' Loan Corp. v. Stookey, 59 Idaho, 267, 81 Pac. (2d) 1096; Home Owners' Loan Corp. v. Sherwin, 59 Ohio App. 567, 18 N. E. (2d) 992; Severson v. Home Owners' Loan Corp., 184 Okl. 496, 88 Pac. (2d) 344; Home Owners' Loan Corp. v. Barone, 298 N. Y. S. 531, 164 Misc. 187; Dodson v. Home Owners' Loan Corp. (Tex. Civ. App.), 123 S. W. (2d) 435; Carter v. Home Owners' Loan Corp. (Tex. Civ. App.), 123 S. W. (2d) 437; 20 C. J. S., Corporation, sec. 1785; 23 Am. Jur., Foreign Corporations, secs. 8, 9.]

It necessarily follows, therefore, that in interpreting the statutes relied upon by defendants, the restrictions placed upon the local business activities of corporations formed in any other "State" or "Country" must be taken to refer only to corporations organized under the laws of a sister State or a foreign country, and not to corporations organized under the laws of the Federal Government, whose jurisdiction not only embraces the territory of each and every State, but is indeed paramount to that of the States within the limits of the powers committed to it.

As opposed to this conclusion, defendants rely particularly upon the decision in Smith v. The Pacific Railroad, 61 Mo. 17. This was an action against the defendant, a domestic corporation, for damages occasioned by the negligence of certain employees of the Atlantic and Pacific Railroad to which the defendant had leased the portion of its line upon which the damages were sustained. The lessee was a corporation chartered by Act of Congress; and the question in the case was

that of the defendant's liability under a local statute which provided that "a corporation in this State, leasing its road to a corporation of another State, shall remain liable, as if it operated the road itself." The contention was made that the lessee company, having been chartered by Act of Congress, was not "a corporation of another State" so as to make the defendant liable under the statute, to which the Supreme Court answered that for the purpose of giving effect to the statute, it was evident that the section was designed to embrace a leasing to any corporation outside of this State, whether chartered by Congress or by another State.

While this was a logical decision in that it gave full effect to the obvious legislative intent in the enactment of the particular statute, we regard it as constituting no authority for the insistence that in the case of the statutes relied upon by defendants, a corporation created by Act of Congress as an instrumentality of the United States is to be regarded as a corporation formed under the laws of any other "State" or "Country" in so far as concerns the power of this State to put restrictions upon its right to perform its function in this State. As a matter of fact, if that decision were even to be construed as ever having been an authority for defendants' position, it would have been in effect overruled by Homan v. Connett, *supra*, which, in line with the general law upon the subject, announced the doctrine that a corporation created by Act of Congress with powers coextensive with the Union, assuming that in creating it Congress acted within the scope of its powers, is not a foreign corporation within the territory of any State.

Under the facts of the case, plaintiff must be held to possess all the attributes of a domestic corporation in so far as concerns its capacity to maintain this action in the courts of this State; and the judgment rendered by the circuit court should therefore be affirmed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.