**ROBINSON et ux. v. PARSONS et al.**

**No. 11326.**

Court of Civil Appeals of Texas.
San Antonio.

Oct. 20, 1943.

Rehearing Denied Nov. 17, 1943.

Sidney P. Chandler and Wm. H. Shireman, both of Corpus Christi, for appellants.

W. B. Moss, of Sinton, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellees.

NORVELL, Justice.

C. W. Robinson and wife, Catherine Robinson, have appealed from a take nothing judgment rendered against them. Appellants attacked the validity of a certain deed of trust foreclosure covering Lot No. 3, in Block No. 4, of the Blaschke Highland Addition to the town of Ingleside, San Patricio County, Texas. The case was tried without a jury and, upon request, findings of fact and conclusions of law were filed. Appellants' points attack certain of the trial court's findings, as hereinafter indicated.

It appears that on June 15, 1929, Inter State Fidelity Building & Loan Association, a Utah corporation, loaned to Edgar Blaschke and wife the sum of $1,400, evidenced by a note secured by a deed of trust upon the property involved.

In October, 1935, Edgar Blaschke and wife conveyed the property to appellant Catherine Robinson, reciting a consideration of $50, of which the sum of $5 was actually paid. This conveyance was made subject to the indebtedness and deed of trust lien of Inter State Fidelity Building & Loan Association.

The building and loan association here involved was originally incorporated, in 1920, as the "Fidelity Building & Loan Association." On April 30, 1926, by amendment to the articles of incorporation, the corporate name was changed to "Inter State Fidelity Building & Loan Association." On July 18, 1933, by a further amendment of the articles of incorporation, the original corporate designation was re-adopted. In 1937 the association was converted into a "federal savings and loan association" in accordance with the provisions of section 5 of the Home Owners' Loan Act of 1933, 12 U.S.C.A. § 1464, under the corporate name of "First Federal Savings and Loan Association of Salt Lake City." All properties and assets of the Fidelity Building & Loan Association were conveyed to said First Federal Savings and Loan Association of Salt Lake City.

The Robinsons made default in the payments due upon the note secured by the deed of trust above mentioned. In 1940 the First Federal Savings and Loan Association of Salt Lake City, as holder of the note, caused the property to be sold at trustee's sale and became the purchaser thereat.

The trial court concluded that this foreclosure sale was valid and served to vest title in said First Federal Savings and Loan Association of Salt Lake City. W. H. Parsons appears to have held a leasehold estate in the property. The trial court, however, found that by the time of the trial Parsons had relinquished such interest and had no claims or rights in the property.

Appellants' points raise but three contentions.

The trial court found that Inter State Fidelity Building & Loan Association was legally authorized to do business in the State of Texas at the time the loan was made to the Blaschkes. Appellee First Federal Savings and Loan Association of Salt Lake City exhibited a permit to do business within the State of Texas, issued to said Inter State Fidelity Building & Loan Association on February 26, 1929, by Jane Y. McCallum, the then Secretary of State.

The loan here involved was made on June 15, 1929, prior to the effective date of the Building and Loan Association Act of 1929. Acts 41st Leg., 2nd Called Session, Ch. 61 pp. 100–129; Articles 881a—1 to 881a—68, inclusive, Vernon's Ann.Civ.Stats.; Articles 1136a—1 to 1136a—9, inclusive, Vernon's Ann.Penal Code.

Appellants in effect contend that although a permit to do business in Texas was actually issued by the Secretary of State covering the period of time within which the loan was made, said permit was wrongfully issued in that said Inter State Fidelity Building & Loan Association did not comply with all the requirements set forth in Article 875, Vernon's Ann.Civ.Stats., and that therefore the loan being a contract is "absolutely void" by reason of the provisions of Article 881, Vernon's Ann.Civ.Stats.

■ In our opinion the appellants here are in no position to attack the certificate issued by the Secretary of State. 12 C.J.S., Building and Loan Associations, § 8, p. 407. In Farm & Home Savings & Loan Ass'n v. Muhl, Tex.Civ.App., 37 S.W.2d 316, writ refused, it is intimated that the regularity of the issuance of a permit to do business cannot be inquired into in a case similar to this. In Prescott-Phoenix Oil & Gas Co. v. Gilliland Oil Co., Tex.Civ.App., 241 S.W. 775, the action of the Secretary of State in issuing a permit similar to the one here involved was regarded as conclusive of the matter. 11 Tex.Jur. 186.

The attack upon the permit made by appellants here is collateral. Such irregularities as appellants contend existed in connection with the issuance of the permit could at most render the permit subject to cancellation by the State, in a proper proceeding brought for that purpose. We overrule appellants' first contention.

■ Appellants' second contention attacking the trial court's conclusion that the First Federal Savings and Loan Association of Salt Lake City legally acquired the note and deed of trust from Fidelity Building & Loan Association and was entitled to foreclose said lien by trustee's sale upon default of appellants is likewise overruled. 12 U.S.C.A. § 1464; Dodson v. Home Owners' Loan Corporation, Tex.Civ.App., 123 S.W.2d 435; First Federal Savings & Loan Association of Wisconsin v. Loomis, 7 Cir., 97 F.2d 831, 121 A.L.R. 99.

■ Appellants by their third contention attack the trial court's conclusions that the original loan was not usurious, and that as appellants paid but a nominal consideration to the Blaschkes for a conveyance of the property and took the same subject to the lien of the deed of trust, they were precluded from asserting that the original loan was usurious. We sustain the trial court's conclusions. The case of Continental Assurance Co. v. Gibner, Tex.Civ.App., 119 S.W.2d 588, seems directly in point upon the proposition that appellants cannot in this case raise the defense of usury.

No reversible error being disclosed by appellants' points, the judgment appealed from is affirmed.