Daniel G. OSBORN, Executor of the Estate
of William S. Osborn, Deceased,
Plaintiff in Error,

v.

The OKLAHOMA TAX COMMISSION, J.
D. Dunn, Chairman, L. L. Leininger and
M. C. Connors, Members of the Tax Com-
mission of the State of Oklahoma, De-
fendants in Error.

No. 35249.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Rehearing Denied Feb. 15, 1955.

Elmer S. Rutherford, Tonkawa, Peyton
E. Brown, Blackwell, for plaintiff in error.

R. F. Barry, E. J. Armstrong, W. F.
Speakman, Oklahoma City, for defendants
in error.

ARNOLD, Justice.

The executor of the estate of William S.
Osborn, deceased, brings this appeal from
an order of the Oklahoma Tax Commission
denying claim of exemption from estate
taxes of bequests made to the American
Red Cross and the Salvation Army and as-
sessing additional estate taxes against the
estate.

The stipulation of facts introduced in the
hearing before the Tax Commission show
that William S. Osborn, a citizen of Okla-

homa, died testate in 1949 and that his will has been admitted to probate in Kay County; that the executor duly filed an estate tax return with the Tax Commission in which he claimed deductions of residuary bequests made to the American Red Cross and the Salvation Army; that these claimed deductions were disallowed and additional taxes assessed; that the executor duly filed protest, hearing was had thereon, and the protest disallowed; that the American Red Cross is a corporation organized and existing under and by virtue of act of Congress of the United States; that at no time has it ever been incorporated under the laws of Oklahoma nor has it qualified to do business in Oklahoma under Oklahoma statutes; that it has some 82 chapters in Oklahoma which function through the national organization; that it was organized as a charitable and benevolent corporation and at the present time and for years past has carried on charitable and benevolent work in Oklahoma, spending millions of dollars in such work in caring for victims of disasters such as floods, tornadoes, aid to the members of the armed forces stationed in Oklahoma, and other charitable activities; that the bequest will be expended entirely in Oklahoma for religious, benevolent and charitable purposes.

The Tax Commission held that the bequests did not come within the provisions of 68 O.S.1951 § 989f(I), which reads as follows:

"(I) All transfers, gifts or bequests made in good faith to, or in trust for, the use, benefit or support of any charitable, educational or religious institution incorporated or operating under the laws of this State or to, or in trust for, the education, support and relief of the poor, indigent, blind or crippled of this State shall be exempt and shall be deducted from the gross estate."

citing In re Noble's Estate, 183 Okl. 148, 80 P.2d 243, in which this court held:

"The exemption of gifts or bequests for the use, benefit, or support of religious, charitable, or educational institutions provided for in subdivision (i) of section 3, art. 5, c. 66, S.L.1935, 68 Okl.Stat.Ann. § 963(i) (now 68 O.S. 1951 § 989f(I)), relating to inheritance and transfer taxes, refers to religious, charitable and educational institutions of Oklahoma, and not to those of another state."

Plaintiff in error urges that the bequests involved herein are exempt from estate taxes under the statute; that the decision in In re Noble's Estate, supra, is distinguishable and does not uphold the assessment, but if it be construed to uphold the assessment it should be overruled.

It is admitted that Congress has the power to create corporations both in its capacity as the legislative branch of the national government and as to the local legislature for the District of Columbia; that a corporation created in the exercise of its powers as the legislature of the United States is not to be regarded as a foreign corporation but as a domestic corporation in any State or territory in which it may do business or have an office, but that a corporation created in the exercise of its powers as the local legislature for the District of Columbia is a domestic corporation of that district and a foreign corporation with respect to the States. Vol. 17 Fletcher's Cyc. of Corp. Perm.Ed., page 19, section 8291. Severson v. Home Owners Loan Corp., 184 Okl. 496, 88 P.2d 344. If, therefore, the American Red Cross is a national corporation it is a domestic corporation of Oklahoma and is as much "incorporated under the laws of this State" as any Oklahoma corporation, and a bequest made to it is exempt from estate taxes.

The American Red Cross was incorporated by act of Congress in 1900, Act June 6, 1900, 31 Stat. 277, to carry out treaty provisions with foreign nations regarding the care of the wounded and sick of armies; by act of Congress passed in 1905 it was reincorporated, bringing it under Governmental supervision.

This act provides, Sec. 1, Title 36 U.S.C.A., that the American Red Cross is "a body corporate and politic in the District of Columbia", and the 1947 amendment, Sec. 1a, 36 U.S.C.A., provides:

"The corporation now existing as The American National Red Cross un-

der sections 1, 2, 3, 4a–6, 8 and 9 of this title, shall continue as a body corporate and politic in the District of Columbia."

Though the Tax Commission argues that these words clearly show that the Red Cross is a corporation of the District of Columbia and not a national corporation, the scope, organization, and activities of the Red Cross show otherwise. It was created to carry out treaty obligations of the Geneva conference; its function and role in serving our Armed Forces, in assisting in disaster operations over the whole United States, are matters of common knowledge. Congress was not acting as the local legislature of the District of Columbia in creating a corporation with such a national and international scope; it was acting as the National Legislature. The words "in the District of Columbia" merely state the residence of the "home Office" of the corporation and were not intended to give the Red Cross a local instead of a national status. This national character is clearly shown in its charter, in its governing body (the President serving as its president and appointing its chief officer and five members of its governing board representing the Departments of State, War, Navy, Treasury, and Justice), and in the handling of its affairs by various congressional committees (such as Senate Committee on Foreign Relations, instead of one of the Committees for the District of Columbia). As a national corporation, therefore, it has the privilege and immunities of a domestic corporation of Oklahoma and the bequest to it is exempt from estate transfer taxes.

As to the Salvation Army, which is a foreign corporation licensed to do business in the state of Oklahoma, unless the statute is construed to have the meaning which the language thereof plainly connotes instead of the strained construction given in In re Noble's Estate, supra, the bequest to it is not exempt. A foreign corporation properly licensed to do business in this state is domesticated in this state and is certainly "operating under the laws of this State". Any other construction destroys the literal meaning of the words used. In re Noble's Estate is hereby overruled insofar as in conflict herewith.

The cause is reversed with directions to allow the statutory exemptions on the bequests to the American National Red Cross and the Salvation Army.

Reversed.

WELCH, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., JOHNSON, V. C. J., and CORN and DAVISON, JJ., dissent.