JOSEPH P. KENNEDY, JR., FOUNDATION, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 38577.

Supreme Court of Oklahoma.

Feb. 28, 1961.

Conner, Winters, Randolph & Ballaine, Tulsa, for plaintiff in error.

E. J. Armstrong and Moses Frye, Oklahoma City, for defendant in error.

Robinson, Shipp, Robertson and Barnes, Oklahoma City, amicus curiae for University of Chicago.

WELCH, Justice.

This case presents an appeal by The Joseph P. Kennedy, Jr., Foundation from an order of the Oklahoma Tax Commission assessing income taxes against said Foundation for the year 1951. The parties will be referred to herein as "Foundation" and as "Commission."

The facts were stipulated and are as follows: The Foundation is a District of Columbia Corporation, domesticated in Oklahoma. The Foundation filed a claim for exemption from Oklahoma income taxes on March 11, 1952, pursuant to Article 912–1 of the Oklahoma Income Tax Regulations issued by Commission, which claim of exemption was denied, and as a result an assessment of the income tax was made.

The Foundation was incorporated for charitable purposes according to Articles of Incorporation. It has been ruled to be exempt from Federal Income Taxes under the Internal Revenue Code of 1939. No part of its income has ever inured to the benefit of private individuals. All contributions to said Foundation and all income derived from investment thereof have been either invested or donated to appropriate agencies and institutions for the accomplishment of charitable purposes. However, no charitable disbursements have been made within Oklahoma.

Foundation's sole income from Oklahoma sources in 1951 and subsequent years has been from oil and gas royalties.

Two reasons were given by the Commission for denying exemption.

First, the Commission found as a fact that the benevolent and charitable work done by the Foundation did not inure to the benefit of the State of Oklahoma, and therefore concluded that the exemption from income tax did not apply.

Second, the Commission found that the Foundation transacted business for profit and on the basis of such finding concluded that the Foundation did not qualify for exemption.

The governing statute is 68 O.S.1951 § 912, and the applicable part thereof provides:

"All corporations, organizations or associations not organized or transacting business for profit are exempt from the provisions of this act and the taxes imposed thereby when no part of the net earnings thereof inures to the benefit of any private stockholder, individual or member, * * *."

In support of its order the Commission relies upon the cases of In re Park College, 170 Okl. 132, 39 P.2d 105, and In re Noble's Estate, 183 Okl. 148, 80 P.2d 243.

In the Park College case, supra, we held:

"The exemption from taxation of the property of educational or charitable institutions, provided for in the Constitution and statutes, refers to educational and charitable institutions of Oklahoma, and not to those of another state."

Therein, this court affirmed the trial court in denying an application to strike from the tax rolls certain lands located in Oklahoma and owned by Park College, a Missouri corporation.

In the Noble's Estate case, supra, we held:

"The exemption of gifts or bequests for the use, benefit, or support of religious, charitable, or educational institutions provided for in subdivision (i) of section 3, art. 5, c. 66, S.L.1935, 68 Okl.St.Ann. § 963(i), relating to inheritance and transfer taxes, refers to religious, charitable and educational in-

stitutions of Oklahoma, and not to those of another state."

The provision of the statutes above referred to in the Noble's Estate case provided for exemption as to transfers, gifts or bequests to a certain class of institutions if incorporated or operating under the laws of this state, or if bequests, transfers or gifts were for the education or support of a class of people of this state.

This provision of our statutes has since been amended, Session Laws 1955, Title 68, Chap. 22, Section 1, subdivision (i), which now provides for reciprocity with other states.

The Foundation contends that section 912 does not restrict exemptions to organizations whose charitable works inure to the benefit of the State of Oklahoma. In support of this contention two Oklahoma cases are referred to, first, Darby v. Oklahoma Tax Commission, 201 Okl. 159, 202 P.2d 978, wherein we held:

"The provisions of 68 O.S.1941, § 1043, subdivision (a) (1), exempting from taxation gifts made to institutions, fraternal societies, associations, funds, trusts, or corporations which may be organized and existing and actually engaged in carrying out benevolent, charitable, educational or religious purposes, extend to and embrace gifts made to all members of the classes enumerated in subdivision 1, including those incorporated or existing under the laws of another state, and which are not engaged in carrying out their benevolent, charitable, educational or religious purposes in this state."

The second Oklahoma case referred to by the Foundation is Osborn v. Oklahoma Tax Commission, Okl., 279 P.2d 1096, wherein we held:

"The American Red Cross was created by Act of Congress as a National Corporation. As such it has the privileges and immunities of a domestic corporation of Oklahoma, and a bequest to it is exempt from estate taxes under 68 C.S.1951, § 989f(I).

"A foreign corporation properly licensed to do business in this state is domesticated in this state and is 'operating under the laws of this State' within the meaning of the exception from estate taxes of 68 O.S.1951, § 989f (I). In re Noble's Estate, 183 Okl. 148, 80 P.2d 243, is hereby overruled insofar as in conflict herewith."

In the above case it appears from an examination of the opinion that the court made a distinction between a corporation given a national status by Congress such as the American Red Cross, and a foreign corporation organized under state or territorial laws and thereafter domesticated in other states. Thus in making said distinction it held that the estate was exempt from estate taxes as to the bequest to the American Red Cross. Citing Severson et al. v. Home Owners Loan Corporation, 184 Okl. 496, 88 P.2d 344, as authority for the status of a corporation created under the laws of the United States.

As to the bequest to the Salvation Army and holding said bequest to be exempt from estate taxes, in the Osborn case, supra, the court said:

"As to the Salvation Army, which is a foreign corporation licensed to do business in the state of Oklahoma, unless the statute is construed to have the meaning which the language thereof plainly connotes instead of the strained construction given in In re Noble's Estate, supra, the bequest to it is not exempt. A foreign corporation properly licensed to do business in this state is domesticated in this state and is certainly 'operating under the laws of this State'. Any other construction destroys the literal meaning of the words used. In re Noble's Estate is hereby overruled insofar as in conflict herewith."

Where tax exemption laws affecting charitable and benevolent institutions contain no express provision as to whether or not foreign institutions shall be exempt, courts of other jurisdictions have in some instances affirmed and in some denied said institutions the right to fall within the benefit of the exemption laws. 84 C.J.S. Taxation § 282, p. 539.

We are committed to the rule of exempting foreign corporations incorporated for benevolent purposes, properly licensed to do business in this state. Osborn v. Oklahoma Tax Commission, supra.

Upon examination of Sec. 912, 68 O.S.1951, we do not find any expression of limitation imposed upon the Commission by the Legislature, and we feel that the matter of limiting the exemption to institutions whose benefits inure to the benefit of Oklahoma, is one for the Legislature, and not for the courts.

We observe that such limitations were specifically set forth by the Legislature in the Ad Valorem Tax Code, 68 O.S.1951, Sec. 15.2, subdivision 8; The Oklahoma Estate Tax Law, 68 O.S.1951 § 989(f) (I); and Gift Tax Law, 68 O.S.1951 § 1043.

However, the Legislature has not so provided in the section of the statute before us for construction. Therefore we must construe said section to include foreign corporations domesticated in Oklahoma, to be included in said exemption without limitations. Any construction otherwise would be inconsistent with the rule of construction adopted in Osborn v. Oklahoma Tax Commission, supra.

The Commission further contends that the Foundation is not exempt from income tax under section 912, Title 68 O.S.1951, because it was transacting business in Oklahoma for profit.

Whether the contention is well taken turns primarily on the meaning of said section, which must be determined from the language thereof. It is apparent to us that when the Legislature provided for said exemption, it recognized that a corporation may be organized and operated exclusively for religious, charitable, scientific or educational purposes, and yet have a net income. From an examination of the language used.

in said section in providing for the exemption, the Legislature says nothing about the source of the income, but makes the destination the ultimate test of exemption.

Evidently the exemption is made in recognition of the benefit which the public derives from corporate activities of the class named, and is intended to aid them when said activities are not conducted for private gain. It is common knowledge that such activities are largely carried on with income received from contributions or from properties dedicated to their pursuit. Investments in properties which may be made productive to the end that the income may be used does not, in our opinion, alter or enlarge the purposes for which the corporation is created or conducted. In order for an organization designed and established to dispense charity on a large scale to be effective, it cannot itself be entirely and continually dependent on the charitable whims of individuals, and to be compelled to seek funds for its activities by constant appeals to those persons of means who may be charitably inclined. Such investments as the one herein when proven profitable as this one has, does not constitute a transaction for profit within the meaning of Sec. 912, but merely enables the Foundation to expand its charitable and benevolent activities. See Trinidad, Insular Collector v. Sagrada Orden De Predicadores, 263 U.S. 578, 44 S. Ct. 204, 68 L.Ed. 458; Sand Springs Home v. Commissioner of Internal Revenue, 6 B.T.A. 198.

Therefore, for the reasons above stated, we are of the opinion that the Foundation is entitled to the exemption claimed, and the order by the Oklahoma Tax Commission assessing taxes should be, and is hereby reversed and vacated, and said Commission is directed to refund the taxes paid under said order.

Reversed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.

JACKSON, J., dissents.