HOME OWNERS' LOAN CORPORATION v. ELEANOR L. CAPLAN, EPHRIM CAPLAN, and JAMES B. KILLIAN, Appellants.—160 S. W. (2d) 754.

Division One, April 16, 1942.

354

*Ephrim Caplan* for appellants.

*Claud D. Hall* for respondent.

BRADLEY, C.—Action on a redemption bond. Plaintiff recovered judgment for $700, the face amount of the bond; defendants appealed, and the appeal was to the Supreme Court on the theory that the construction of the State and Federal Constitutions is involved. See Sec. 12, Art. 6, Constitution.

March 10, 1934, the defendants, Caplans, gave a deed of trust, to a named trustee, on a certain described lot in Ferguson, St. Louis County, to secure a note to plaintiff. Default was made; the deed of trust was foreclosed November 15, 1937, and plaintiff purchased at the foreclosure sale. The necessary steps were taken to redeem, and the bond sued on was executed under the provisions of Sec. 3451, R. S. 1939, 3 Ann. Stat., Sec. 3064, p. 1894. Defendant, Killian, is surety on the bond.

Defendants answered jointly, and, among other defenses, alleged (1) that plaintiff is a business corporation not organized or doing business under the laws of this State; (2) that plaintiff maintains an office in, and is doing business in this State; (3) that plaintiff, in this State, makes interest bearing loans secured by deeds of trust on real estate, and that upon breach of conditions in said deeds of trust, forecloses and purchases at the foreclosure sales and thus acquires title to real estate; (4) that plaintiff, as owner, rents and sells the real estate so acquired; and (5) that the deed of trust foreclosed was obtained in the course of such business.

Defendants further allege that, at no time involved, had plaintiff complied with the provisions of Secs. 4596, 4598, 4599, 4936 and 4937, R. S. 1929, now Secs. 5072, 5074, 5077, 5341 and 5342, R. S. 1939, 3

Ann. Stat., Secs. 4596, 4598, 4599, 4936 and 4937, pp. 2030, 2034, 2040, 2255 and 2256.

In short, defendants allege that plaintiff is a foreign corporation and has not complied with the law of this State so as to authorize it to do business in this State, and that because of such failure plaintiff "cannot maintain any suit or action in any of the courts of this State for enforcement or recovery" on the bond, and that the court was "without jurisdiction of the subject matter of the suit." For the reasons stated, defendants asked that plaintiff's suit on the bond be dismissed.

Plaintiff moved to strike from the answer what was termed defendants' plea to the jurisdiction, and the motion was sustained. Defendants then moved to set aside the order sustaining the motion to strike, and the motion to set aside was overruled. Defendants then filed what is termed a "supplemental plea in abatement." In the supplemental plea it is alleged that the action of the court, in sustaining the motion to strike and in overruling the motion to set aside was "a denial to defendants of the right to due process" under Sec. 30, Art. 2, Constitution of Missouri; and was "a denial to defendants of the equal protection of the law" under Sec. 1 of the Fourteenth Amendment, Constitution of the United States. Also, in the supplemental plea it was alleged, in effect, that to permit a trial upon the merits, in the situation obtaining, would be an infringement by the court "upon the right of the legislature to determine the public policy of this state in respect to foreign corporations," which infringement, it is claimed, would violate Art. 3, Constitution of Missouri, pertaining to the distribution of powers to the legislative, judicial and executive branches of the state government.

The supplemental plea was overruled. Defendants then filed what was termed an "application for separate trial of issues presented by plea in abatement," and the motion for separate trial was overruled. It is recited in the record "that on the 25th day of March, 1941, . . . said cause being called for trial upon plaintiff's cause of action, defendants elected to stand upon the constitutional grounds presented in said supplemental plea and declined to participate in said trial. . . . Defendants having elected to stand upon their constitutional grounds, and declining to participate in the trial of this cause, and a jury being waived by plaintiff, this cause was submitted by plaintiff to the court," and that "plaintiff, to sustain the issues on its behalf, offered and introduced evidence tending to prove the execution of the deed of trust, foreclosure and sale under said deed, execution of the redemption bond by defendants, the several items and amounts alleged due plaintiff as damages, demand and nonpayment, as set forth in plaintiff's said petition."

It is also recited in the record "that at the close of plaintiff's case defendants orally submitted to the court a motion that the court strike

out all of plaintiff's testimony for the reason that the court was without jurisdiction upon the grounds cited in the plea in abatement" Such motion was overruled and the court found for plaintiff as above stated and entered judgment accordingly.

██ Under Sec. 5, Amendment 1884, and Sec. 12, Art. 6, Constitution, an appeal "involving the construction of the Constitution of the United States or of this State" lies to the Supreme Court. Defendants' motions, etc. were based on the contention that plaintiff, a corporation created by Act of Congress, is a foreign corporation within the meaning of Secs. 4596-4599 and Secs. 4936, 4937, R. S. 1929, supra. In Homan v. Connett, 348 Mo. 244, 152 S. W. (2d) 1053, this court held that the Federal Land Bank of St. Louis, a corporation created by Act of Congress, was not a foreign corporation within the meaning of Sec. 3482, R. S. 1939, prohibiting a foreign corporation from acting as a trustee in a deed of trust. In Hillis v. Home Owners' Loan Corp., 348 Mo. 601, 154 S. W. (2d) 761, it was held that the defendant was authorized to sue and be sued in any court of competent jurisdiction, and could be sued in tort in this State.

In Severson et al. v. Home Owners' Loan Corp. (Okla.), 88 Pac. (2d) 344, it was held that the defendant was not a foreign corporation under the laws of Oklahoma. [See also Home Owners' Loan Corp. v. Sherwin, 52 Ohio App. 567, 18 N. E. (2d) 992; Bezat et ux. v. Home Owners' Loan Corp., 55 Ariz. 85, 98 Pac. (2d) 852.] The effect of all the rulings, preceding the trial on the merits, in the present case, was that plaintiff was not a foreign corporation as contended by plaintiffs. The raising of a question on the construction of the Constitution is not a mere matter of form; such question must, in fact, exist in order to confer appellate jurisdiction on the Supreme Court. [Robinson et al. v. Nick et al., 345 Mo. 305, 134 S. W. (2d) 112, 1. c. 114; Brookline Canning & Packing Co. v. Evans, 238 Mo. 599, 142 S. W. 319.] All the questions raised by defendants could have been determined without reference to either the State or Federal Constitutions, and in such situation, no question of the construction of either Constitution was involved. [Brookline Canning & Packing Co. v. Evans, supra.]

The cause should be transferred to the St. Louis Court of Appeals. It is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.