**Glenn J. SHAVER et al., Plaintiffs-Appellants,**

v.

**Mary MOYER et al., Defendants-Respondents.**

**No. 46747.**

Supreme Court of Missouri,

Division No. 1.

Nov. 10, 1958.

Howard W. Bevins, Kansas City, for appellants.

John F. Thice, Gilbert R. Titus, Glenn G. Glasgow, Independence, for respondents.

HOLMAN, Commissioner.

This is a class action in which the twenty-seven plaintiffs allege that they are resi-

dents and qualified voters of Independence, Missouri, members of the Democratic Party and fairly represent all of the class of democratic voters in that city. They name as defendants the Democratic City Central Committee of Independence and the individual members of said committee. Plaintiffs, in their petition, sought a declaratory judgment relating to the manner of conducting primary elections in said city. Upon motion of defendants the petition was dismissed for the reason that it failed to state a claim upon which the relief sought could be granted. Plaintiffs have appealed.

The petition alleged: "That the City of Independence is a third class city under the laws of the State of Missouri with a population of approximately 60,000 persons * * * ; that defendants by resolution adopted on or about January 15, 1957, ordered a primary election to be held in said City of Independence on Monday, January 21, 1957, between the hours of 1:00 p. m. and 4:00 p. m., said balloting to be done in one (1) polling place in each of the six wards of said city; that the rules and regulations imposed by defendants with respect to the above-mentioned primary election are substantially the same rules and regulations by which they have conducted primary elections in said city in previous years * * * ; that said primary elections were held for the purpose of nominating candidates for the elective offices of said city and for the additional purpose of electing * * * members of the said Democratic City Central Committee; that said defendants have failed and refused to adopt or enforce rules and regulations to preserve the secrecy of the ballot in said primary elections * * * ; that said primary elections are governed by the Missouri Constitution, 1945, Art. 1, Sec. 25 and Art. 1, Sec. 10 thereof, and by Chapter III, Revised Statutes of Missouri, 1949, including but not limited to Sec. 111.530, 111.610, 111.620, 111.630 and 111.370." It was then alleged that the rules and regulations adopted by the defendants for the conduct of said primary elections were unconstitutional, illegal and void because in "conflict with and violative of" the sections of the constitution and the statutes heretofore mentioned in that "adequate safeguards are not imposed to preserve the secrecy of the ballot or to maintain the hours of voting as required by law" and "that said rules make it impossible for the qualified voters of the class which plaintiffs represent to participate in said primary elections * * *."

The relief sought in the petition was a judgment declaring that the primary elections of said city are subject to the constitutional and statutory sections heretofore specified and that the conduct of defendants in limiting the hours of voting and the number of polling places is "illegal, unconstitutional and void."

At the outset we are confronted with the question of our jurisdiction. The only ground assigned by appellants in their jurisdictional statement is that this "action is seeking a construction and interpretation of the Missouri Constitution." In that connection we note the following: "The supreme court shall have exclusive appellate jurisdiction in all cases involving *the construction* of the Constitution of the United States or of this state * * *." (Italics ours.) Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.

We have concluded that no question is presented which would require a construction of the constitutional provisions heretofore mentioned and, since there appears to be no other ground upon which to base our jurisdiction, it follows that this court does not have appellate jurisdiction of this appeal.

The statute providing for primary elections in Independence is Section 122.980 which states, in part, "Hereafter, all candidates for city offices * * * shall be nominated at primary elections to be conducted by the respective political parties by direct vote of the qualified voters of such cities * * *." Laws 1953, p. 737,

Section 1. In Section 122.982, it is also provided that "The party committees representing the political parties in any city described in section [1] 122.980 of this act, shall be elected at the primary election held for the purpose of nominating candidates for city offices." Laws 1953, p. 738, Section 2. We note further that Section 77.040 (unless otherwise indicated, all statutory references are to RSMo 1949, V.A. M.S.), which relates to cities of the third class, states that " * * * all city elections shall be held under the provisions of the general election laws of the state * * *."

The petition alleges a violation of two sections of Article 1 of the Constitution, i. e., Section 10, which provides "That no person shall be deprived of life, liberty or property without due process of law," and Section 25, which states "that all elections shall be free and open * * *." Upon oral argument in this court counsel for plaintiffs conceded that if the elections complained of were held solely for the purpose of nominating candidates for city office (primaries) plaintiffs would not be entitled to the relief sought. The contention is, however, that since the members of the city committee are *elected* at those elections the general election laws of the state are applicable thereto. Note the following from plaintiffs' brief: "The basic issue in this case is a simple one. If an election, i. e., where candidates are finally selected for office is combined with a primary, i. e., where candidates are merely nominated for office, is the combined primary and election subject to the constitutional and statutory provisions governing elections or only those provisions dealing with primaries?" Among the statutes which plaintiffs allege have been violated

are Section 111.370, which provides that the polls shall remain open from 6 a. m. until 7 p. m.; Section 111.530 which states that voting booths shall be provided in each polling place; and Sections 111.610, 111.620, and 111.630, which provide rules for counting the ballots and maintaining the secrecy thereof.

It is difficult to see how Section 10, Article 1, supra, could have any application to the questions presented herein. Section 25, Article 1, supra, may be said to state a general principle for the protection of voters. That principle has been implemented by statutes which specify in detail the manner of conducting elections.

■ The real issue presented in this case is whether the general election laws are applicable to the primary election in question. That is a question of law and its answer is not dependent upon the construction of any constitutional provision. Where a question raised may be determined without reference to the Constitution, there is no need to construe any provision thereof and we do not have appellate jurisdiction upon that ground. Home Owners' Loan Corporation v. Caplan, 349 Mo. 353, 160 S.W.2d 754.

■ This court being without appellate jurisdiction, the cause is transferred to the Kansas City Court of Appeals.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.