STATE ex rel. State of Missouri, STATE HIGHWAY COMMISSION of Missouri, Plaintiff,

v.

Paul A. MAHON et al., Respondents,

Oliver Doerflinger, d/b/a Oliver Oil Company, Appellant.

No. 48187.

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Ike Skelton, Lexington, for appellant. Skelton & Bradley, Lexington, of counsel.

Harvey Burrus, Independence, for respondent.

HOLMAN, Commissioner.

In this case plaintiff condemned a tract of land containing 2.435 acres located on U. S. Highway 40 near Odessa, Missouri. Respondents Paul A. and Dolin Mahon were the owners of the land. Appellant, Oliver Doerflinger, d/b/a Oliver Oil Company, was in possession of the premises as lessee under a five-year written lease which was to expire on March 15, 1963. A filling station building and a restaurant building were located on the premises. Appellant operated the filling station and had sublet the restaurant building to defendants Jesse H. and Edna Stenbell upon a month-to-month tenancy at a rental of $50 per month. Appellant was required to vacate the premises 42 months before the expiration of the lease.

The commissioners awarded damages for the appropriation of the property in the sum of $13,920. Separate exceptions were filed by appellant and respondents. There had been no trial of these exceptions at the time this appeal was taken. Plaintiff paid the amount of the award to the circuit clerk who issued a check in that amount payable to all defendants who were alleged to have an interest in this land. The parties were unable to agree upon a division of the money and respondents thereafter filed a motion in which they alleged that they were entitled to the entire award and prayed that the court so adjudicate. The court heard evidence offered by respondents and appellant (the Stenbells apparently making no claim to any part of the award), made a finding that appellant's lease "had no value at the time of the taking or appropriation of said land by plaintiff;" and adjudged that the whole amount of the award be paid by the clerk to respondents. Appellant's motion for judgment or in the alternative for a new trial was overruled and he has appealed to this court.

At the outset we are confronted with the question of our jurisdiction. In his jurisdictional statement appellant states that we have jurisdiction because "the judgment from which appellant seeks to be relieved denied him a recovery of damages in a sum proven to be in excess of $15,000, to wit: $15,951.51, and said judgment denying appellant any recovery * * * deprived appellant of his property without due process of law and amounted to a taking of private property for public use without just compensation, all in violation of the Fifth Amendment, United States Constitution, Fourteenth Amendment, Section 1, United States Constitution, Article 1, Section 10, Missouri Constitution of 1945, and Article 1, Section 26, Missouri Constitution of 1945."

The lease provided that appellant should pay respondents a rental computed on the basis of "one (1) cent per gallon on each gallon of gasoline dispensed on the premises and one-half (½) cent per gallon on each gallon of diesel fuel and kerosene dispensed on the premises, said rent being due and payable on the 10th day of each month hereafter." The testimony indicated that the rent, so computed, averaged approximatley $150 per month. Appellant testified that before he commenced business on the premises he spent $685 in repairing and painting the buildings; that he erected signs and installed eight pumps and six storage tanks; that the cost of removing the signs, tanks and pumps was about $750; that he had expected to amortize all of those expenses over the 60-month period of the lease but was required to vacate after 18 months. He also testified that during the period he operated under the lease his average net profit was $451.44 per month; that during the remaining period of the lease his profit, computed according to his 18 months' experience, would have been $18,860. An expert in mathematics testified that at an assumed interest rate of 4% the present cash value of appellant's anticipated future profit during the 42-month period would be $16,900.

The notice of appeal herein was filed after January 1, 1960, and hence if we have jurisdiction because of the amount in dispute said amount must exceed $15,000. Section 477.040, RSMo 1959, P.P. Vol. 27, V.A.M.S. We should also bear in mind that it should affirmatively appear in the record, with certainty, that the amount in dispute, independent of all contingencies, exceeds said sum of $15,000 before it may be said that we have appellate jurisdiction because of the amount in dispute. Hogue v. Wurdack, Mo.Sup., 292 S.W.2d 576.

In condemnation cases involving leasehold interests the approved procedure is for the commissioners to assess in one amount the damages of all interests in the tract, and, if the owner and lessee cannot agree, they must apply to the circuit court for an apportionment of the damages between them. See State ex rel. State Highway Comm. of Mo. v. Conrad, Mo.Sup., 310 S.W.2d 871, and cases cited and discussed therein. That apportionment is usually made by the court but we note that in the case of Proceedings, etc. v. National Engineering & Mfg. Co., Mo.App., 274 S.W.2d 490, upon a trial of the exceptions, the jury was instructed to return separate verdicts dividing the total amount found to be the fair market value of the property between the owner and lessee.

It would appear that the apportionment between the owner and lessee could, in many cases, be more accurately accomplished at the time of or after the final determination of the amount of damages upon the trial of the exceptions. However, since a condemnee is usually entitled to receive payment of the amount of the commissioners' award before trial of the exceptions, it would appear that the instant parties may have been within their rights in seeking an adjudication concerning the amount, if any, of said award each was entitled to receive. For the purposes of this opinion we will so assume.

We have concluded that the amount in dispute upon this appeal may not be said, with certainty, to be more than the amount of the commissioners' award ($13,920) and hence we do not have jurisdiction because of the amount in dispute. While appellant presented evidence tending to show that his damages exceeded $15,000, the amount of his claim was not, independent of all contingencies, the amount in dispute at the time of this appeal. The trial court could not have ordered the immediate payment of an aggregate amount of more than $13,920 to either or both of these claimants. Upon the subsequent trial of the exceptions the damages may be fixed at more or less than the amount awarded by the commissioners. At the instant hearing we think the only proper action the trial court could have taken was to order payment of the amount of the award to one or the other of the claimants or to make an equitable division of the total amount between them. In any event, any adjudication at that time which would have assessed the aggregate damages at a sum exceeding the award would not have fixed, with certainty, an amount in dispute (for jurisdictional purposes) because there is no certainty that, upon a trial of the exceptions, the court or jury would fix the amount of total damages at a sum exceeding the award. As indicated, we hold that the jurisdictional amount in dispute did not exceed $15,000.

We are also of the opinion that this is not a case "involving *the construction* of the Constitution of the United States or of this state." (Italics ours.) Section 3, Article V, Constitution of Missouri 1945, V.A.M.S. Appellant contends that the order of the trial court amounted to a taking of his property without due process and without just compensation. We do not see any contention in the brief which requires a construction of the "due process" provisions of the State and Federal Constitutions. See Fifth and Fourteenth Amendments, Constitution of the United States, and Section 10, Article I, Constitution of Missouri 1945, V.A.M.S. There is no contention that our condemnation statutes are

inadequate in protecting the rights of condemnees and hence do not afford "due process," or that lawful procedures were not followed in this case.

Appellant's real contention is that a valuable property right has been condemned and the judgment appealed from denied him just and fair compensation therefor. Section 26, Article I of the Missouri Constitution provides "That private property shall not be taken or damaged for public use without just compensation. * * *." It has long been settled in this state that "the payment of the money into court, upon the award of the commissioners, satisfies the requirements of section 21, art. 2, of our Constitution, which provides that property shall not be taken without just compensation." Cape Girardeau & C. R. Co. v. Bleechle, 234 Mo. 471, 137 S.W. 974, 977. "The doctrine of the cases tersely stated is this: The aggregate values of all the particular interests and estates in a single parcel of land do not exceed the value of the property as a whole, which the state takes by paramount title for public use; when, therefore, that value is duly ascertained and paid in money to the owners of the various interests, or into court for them, constitutional requirements are fully complied with." State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 82, 69 A.L.R. 1256. When the question sought to be invoked has been settled by prior decisions of this court we will not assume jurisdiction upon the ground that a constitutional question is involved. Swift & Company v. Doe, Mo.Sup., 311 S.W.2d 15. The issue to be determined upon this appeal is whether the trial court erred in adjudging that appellant was not entitled to any part of the award. A decision upon that issue involves a review of the evidence and a determination of the law applicable thereto. Those questions of law and fact may be determined without the necessity of construing any constitutional provision. In that situation we do not have jurisdiction of this appeal upon constitutional grounds. Shaver v. Moyer, Mo.Sup., 317 S.W.2d 414.

This court being without appellate jurisdiction, the cause is transferred to the Kansas City Court of Appeals.

COIL and HOUSER, CC., concur.

PER CURIAM

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.