**CLAY & BAILEY MANUFACTURING COMPANY, a corporation, and Alabama Pipe Company, a corporation, Appellants,**

v.

**L. P. ANDERSON, William Ball, Claude Bilderback, William L. Cassell, Henry E. Gould, John E. Launder, Sr., C. M. Lytle, C. Frank Miles, Robert L. Pixley and Matt S. Madden, as members of and comprising the Electrical and Mechanical Appeal Board of Kansas City, Missouri; William A. Row, Commissioner of Buildings and Inspection of Kansas City, Missouri; and Tyler Pipe and Foundry Company, a corporation, Respondents.**

No. 48228.

Supreme Court of Missouri,

Division No. 2.

March 13, 1961.

William J. Gilwee, Donald E. Lyons, Kansas City, for appellants.

Richard H. Koenigsdorf, City Counselor, Manfred Maier, Asst. City Counselor, Kansas City, for respondent, Electrical and Mechanical Appeal Board of Kansas City and others.

James E. Campbell, Donald B. Clark, Keith Martin, Kansas City, for respondent, Tyler Pipe and Foundry Co., a Corp.

STOCKARD, Commissioner.

Appellants have appealed from a judgment of the Circuit Court of Jackson County dismissing their petition for judicial review of an order of the Electrical and Mechanical Appeal Board of Kansas City, Missouri.

Appellants are manufacturers of cast iron soil pipe and fittings, and they sell their products in Kansas City and the surrounding trade territory. In 1945 the City of Kansas.

City adopted by ordinance a building code which established minimum standards and specifications for building materials including soil pipe and fittings. The ordinance creating the building code also established the Electrical and Mechanical Appeal Board and it provided that the duties of the Board should include the determination of fact of whether any proposed material for use in Kansas City conforms with the provisions of the building code and whether materials other than those authorized for use by that code are "equally as efficient" as those which are authorized.

On December 19, 1959, Tyler Pipe and Foundry Company requested the Board to approve cast iron soil pipe, which did not conform to the building code, on the basis that it was "equally as efficient." Appellants appeared before the Board and testified in opposition to the request. The Board later notified appellants by letter that it had "approved the use of cast iron soil pipe subject to the specifications of the present code, with the exception of its use without bead and slight modification of hub to accommodate such beadless pipe."

Appellants filed their petition for review in the Circuit Court of Jackson County, and the Court directed the Board to file by a specified date "a complete transcript of the entire record, proceedings, and evidence" in the proceeding wherein its order was made. Whether or not this was done is not revealed by the record. Tyler Pipe and Foundry Company then filed a motion to dismiss "for the reason that said petition for review fails to state facts sufficient to constitute a cause of action on behalf of the plaintiffs, and it discloses facts which show that the plaintiffs do not have an interest which entitled them to review the action of the Electrical and Mechanical Appeal Board of Kansas City, Missouri, and, therefore, this court has no jurisdiction to proceed." After a hearing the Circuit Court entered its order that the "motion to dismiss be and the same is sustained and the cause is dismissed."

Respondents assert in their brief that this court does not have jurisdiction of this appeal. Appellants assert we do have jurisdiction because "the constitutionality of an Ordinance of Kansas City, Missouri, a municipal corporation, is involved (Ordinance 9519), in that Section 4701, paragraph 2, of the building code of Kansas City, Missouri, insofar as it authorizes the Electrical and Mechanical Appeal Board, an administrative body of said Municipality, to change the provisions of the building code ordinance, enacted by the Common Council of Kansas City, Missouri, is void and contrary to the provisions of the Constitution of the State of Missouri and laws enacted thereunder" because it constitutes an unlawful delegation of police power to an administrative board in violation of Constitution of Missouri Article VI, Section 19, V.A.M.S.Const.

Respondents admit in their brief that the Electrical and Mechanical Appeal Board "may be classed as an administrative body" within the meaning of Constitution of Missouri, Article V, Section 22. In the trial court they did not challenge the jurisdiction over the subject matter.

In paragraph 11 of their petition for review appellants allege that the decision of the Board is erroneous because it failed to comply with the provisions of the Administrative Procedure Act in that it failed to render its purported decision in writing accompanied by a finding of facts and conclusions of law. In paragraph 12 they allege that the decision of the Board is unsupported by competent and substantial evidence, and in paragraph 13 they allege that the decision of the Board is arbitrary, capricious and unreasonable. Paragraph 2 of Section 536.140 of the Administrative Procedure Act, RSMo 1959, V.A.M.S., expressly provides that the judicial review there authorized, if otherwise proper, may extend to a determination of those matters when presented in the petition for review. The purported challenge against the constitutionality of the ordinance is alleged in other paragraphs. Therefore, if by reason

of a proper interpretation of the Administrative Procedure Act appellants are entitled to a judicial review, the questions presented by paragraphs 11, 12 and 13 of the petition must be ruled and decided by the Circuit Court, and ruled adversely to appellants, before there is any occasion or reason to examine any constitutional question, and if appellants are not entitled to raise those matters in the Circuit Court for the reasons set out in the motion to dismiss they also are not entitled to raise the constitutional question. Therefore, the real and only issue on this appeal is whether by reason of their petition for review appellants are entitled to that judicial review in the Circuit Court which is afforded by the Administrative Procedure Act, and if so the cause is to be remanded to the Circuit Court without the necessity of or occasion for a ruling on any constitutional question. In the recent case of Swift & Co. v. Doe, Mo.Sup., 311 S.W.2d 15, 22, the issue on appeal concerned the sufficiency of a petition for an injunction. It was there held: "Since it appears that it is not essential to a decision of the question concerning the sufficiency of the petition that we determine the only point raised by defendants which might require a construction of the constitution of this state, we rule, * * * that we do not have appellate jurisdiction on that ground. Rollins v. Business Men's Accident Ass'n, Mo.Sup., 213 S.W. 52; Home Owners' Loan Corporation v. Caplan, 349 Mo. 353, 160 S.W.2d 754."

In the event it is held in this case that appellants are entitled to the judicial review sought, and the Circuit Court on remand rules adversely to them on the matters set forth in paragraphs 11, 12 and 13 of their petition and then rules adversely to them on the constitutional question, it may be that an appeal by them from that judgment would properly be to this court, assuming the constitutional issues were timely raised and properly preserved. But on the present appeal a ruling on any constitutional issue would be advisory only, and therefore unnecessary and inappropriate. In Rollins v. Business Men's Accident Ass'n, supra, 213 S.W. at page 54, it was stated that when the discussion of the constitutionality of a statute or ordinance "would be simply academic, and not at all essential to the determination of the cause before us, * * * the construction of the Constitution is not involved and we have no jurisdiction."

This situation is not to be confused with that where the only issue presented by the petition for review is a constitutional question and the petition is dismissed for failing to state a cause of action. Then the constitutional issue probably would have to be decided in order to determine the issue on appeal. That is comparable to the situation where a suit for a declaratory judgment as to the constitutionality of a statute or ordinance is dismissed for failure to state a cause of action. See Sta-Whip Sales Co. v. City of St. Louis, Mo.Sup., 307 S.W.2d 495. This case also must be distinguished from that where an appellant properly presents a constitutional issue which may or may not require a determination by the appellate court depending on the ruling on other issues on appeal. See In re Toler's Estate, Mo.Sup., 325 S.W.2d 755; McCord v. Missouri Crooked River Backwater Levee Dist. of Ray County, Mo.Sup., 295 S.W.2d 42.

Since the only issue on this particular appeal is whether appellants are entitled to the judicial review in the Circuit Court provided for by the Administrative Procedure Act, which calls only for a construction of the applicable statutes, a ruling on any constitutional question would be academic only and therefore inappropriate. This court has no jurisdiction of this appeal, and for that reason the case is transferred to the Kansas City Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.