**In re ESTATE of Mary Penner ADELMAN.**

**William ADELMAN, Appellant,**

**v**

**Josephine ROSENBLUM, Executrix-Respondent.**

**No. 49684.**

Supreme Court of Missouri,

Division No. 1.

Sept. 9, 1963

Robert I. Adelman, Kansas City, for appellant.

Harold Waxman, Walter A. Raymond, Raymond, West & Cochrane, Kansas City, for respondent.

COIL, Commissioner.

On June 25, 1960, Mary Penner and William Adelman entered into an antenuptial agreement whereby they provided for the disposition of their respective properties and estates and on August 24, 1960, were married. Mary Penner Adelman died testate on May 27, 1961, and her will was admitted to probate on June 22, 1961. On October 16, 1961, William Adelman, the surviving husband and present appellant, filed his election whereby he renounced the provisions of his late wife's will and elected to take his legal share in her estate. On November 3, 1961, Josephine Rosenblum, the duly-appointed executrix of Mrs. Adelman's estate and present respondent, filed her alternative motion to deny the attempt of William Adelman to take against the will. On December 29, 1961, the Probate Court of Jackson County entered its order to the effect that the purported election of the surviving husband was of no force and effect and his attempt to elect to take a share in the estate of his deceased wife, except as provided by the antenuptial agreement heretofore referred to, was denied. Present appellant appealed that order to the Circuit Court of Jackson County where a summary judgment was entered affirming the order of the Jackson County Probate Court. William Adelman has appealed from that judgment.

Appellant states in his brief that the "amount in controversy is approximately sixty thousand ($60,000) dollars" and claims jurisdiction is in this court because of the amount in dispute.

An examination of the transcript and supplemental transcript on appeal and of the transcript of the record of the probate court which was certified to the circuit court, shows that there is nothing therein from which the amount in dispute, if any, may be determined. It follows that inasmuch as it does not affirmatively appear from the record in this case that the amount in dispute, independent of all contingencies, exceeds $15,000, this court does not have appellate jurisdiction of this case, State ex rel. State Highway Commission v. Mahon, Mo., 343 S.W.2d 165, 167[1]; and a statement in appellant's brief that the amount in dispute exceeds $15,000 is insufficient, Missouri Managerial Corp. v. Pasqualino, Mo.App., 323 S.W.2d 244, 247 [1, 2], and cases there cited.

No other ground for this court's jurisdiction is claimed and none appears.

This case should be and it is transferred to the Kansas City Court of Appeals.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by COIL C., is adopted as the opinion of the court. All concur.